No. 3228.—LEWIS, NAUSON & CO. *v.* HOMER, REX & TRACY.

If the answers of the garnishee to interrogatories are sufficiently clear and comprehensive to inform the plaintiff of the facts of the case, they will not be overruled in the appellate court on the suggestion of counsel that they are evasive, especially if no motion has been made in the court *a qua* to have them taken as confessed.

The exception to the capacity of the plaintiff must be pleaded in *limine lites*. If the defendant goes to trial on the general issue, it is too late to urge the exception of the capacity of the plaintiff or of the intervenor to stand in judgment.

APPEAL from the Thirteenth District Court, parish of Tensas. *Hough*, J. *Farrar & Reeves*, for plaintiffs and appellants. *Julius Aroni*, for defendants and appellees.

HOWE, J. On the sixteenth January, 1867, Charles De Greck & Co. commenced an action against Homer, Rex & Tracy in the district court of Tensas parish, and attached certain assets in the hands of Julius Aroni and J. W. Collier. Property was also attached in possession of other parties. Aroni & Collier, then the attorneys of Homer, Rex & Tracy, had in their hands property belonging to their clients, and in order to release the property attached in the possession of the other parties, a release bond was furnished, with Julius Aroni as surety, with the agreement that the assets in the hands of Aroni & Collier should remain in his possession till the final decision of the case, to indemnify him as such surety in case of liability.

On the first of February, 1867, Lewis, Nauson & Co., the plaintiffs at bar, commenced this suit by attachment against the same defendants, and made Aroni & Collier garnishees. Julius Aroni answered, making a full statement of the assets in his hands belonging to defendants, and the conditions under which he held them. J. W. Collier adopted the answers of Aroni. Chester H. Krum, as assignee in bankruptcy of Rex and Tracy, intervened to claim their share of the property attached.

The court below gave judgment in favor of plaintiff against Homer for one-third of the debt, and against Aroni & Collier for one-third of the cash admitted to be in their hands subject to the settlement of the suit of De Greck, firstly above mentioned, and in favor of Krum, assignee, for the balance of the cash in the garnishees' hands, with the same condition.

The plaintiffs appealed, and state in this court that they make but two points: First, that they are entitled to judgment for their whole claim against Aroni & Collier because their answers were palpably evasive; second, that the judgment in favor of Krum was erroneous.

*First*—We see nothing evasive in the answers of the garnishees. They contain a full, plain, perspicuous statement of the property and claims of the defendants in the hands of the garnishees. The question propounded was: "Are you indebted in any manner to the firm

# NEW ORLEANS, MARCH, 1871.  255

Lewis, Nauson & Co. v. Homer, Rex & Tracy.

of Homer, Rex & Tracy, or have you any property, assets or claims in your hands or under your control belonging to the said firm?" It is true that in strictness of grammar, the clause of this question referring to indebtedness is not clearly responded to; but it is quite evident that the plaintiffs and their counsel were fully informed of the facts of the case by the answers. They made no allegation of indebtedness; made no motion to take the interrogatory as confessed, and on the trial offered the answers as a part of their own evidence. It was over the assets revealed by these answers that the contest was waged, and the point now presented seems an after thought.

*Second*—In answer to the intervention of Krum, the plaintiffs pleaded first a general denial, and then an exception to his capacity as assignee. They then went to trial on the merits, without requiring a decision on this dilatory exception, and thus waived it. 11 An. 638; 14 An. 520. Moreover, the evidence introduced, without any objection, makes it certain that Rex and Tracy were bankrupts before the case was tried, and reasonably certain that Krum was their assignee. The second point, then, that Krum's capacity was not established, and that the judgment as to him was erroneous, is not well taken.

Judgment affirmed.

Rehearing refused.