Ross & Ross *v.* St. Louis, Iron Mountain & Southern Railway Company.

Opinion delivered October 11, 1915.

Damages—use of property belonging to plaintiff.—Certain cotton catching fire on defendant railway's platform the railway threw the same into an adjacent pool belonging to appellant. *Held,* the railway is liable to the appellant for the use of the pool, and the measure of damages done to the pool, would be the cost of restoring the property to its original condition, together with compensation for the usable value of the pool, during the time appellants were deprived of its use.

Appeal from Clark Circuit Court; *G. R. Haynie,* Judge; reversed.

STATEMENT BY THE COURT.

At the trial of this cause in the court below appellants offered evidence tending to show that they were the owners of a large pool near the appellee's station at Okolona. This pool was about seventy-five feet wide and 125 feet long, and of a depth ranging from two feet to five feet. This pool was used by appellants as the source of water supply in the operation of their gin. On the 9th of March,

1913, the cotton on the platform at appellee's station caught fire and about eighty or ninety bales which had been lying on this platform were carried and thrown into appellants' pool. Appellee had given bills of lading for all of the cotton carried and thrown into this pool except three bales, which were owned by appellants. The cotton covered by the bills of lading was thrown into the pool upon the direction of the roadmaster of the railroad company in charge of that division, and there was also proof that appellee's station agent was present and assisted in directing the removal of the cotton. The cotton ignited on Monday and continued to burn for some days, notwithstanding the fact that it had been thrown into the pool, and on Wednesday following the fire the appellee's district claim agent appeared on the scene and requested appellants to permit the cotton to remain in the pool and stated that the railroad company would be willing to pay a good rental for the use of the ground and damage to the pool, and that when the fire had been extinguished the railroad company would clean up the premises and pay any damages that had been sustained. The cotton was allowed to remain in the pool for three weeks, at the end of which time the portions of it which had not burned were taken out and the burned portions, together with the bagging and ties, were left in the pool.

Before the beginning of the next ginning season appellants sold their gin plant, which included the pool, and one of the appellants testified that the price received was $500 less than would have been asked but for the damage done the pool, although he admitted that in making the trade nothing was said about the damaged condition of the pool. Appellants prayed judgment for this depreciation in the value of their plant. When appellants rested their case the court gave a direction to the jury to return a verdict in appellee's favor, and this appeal has been prosecuted from the judgment of the court pronounced thereon.

*McMillan & McMillan,* for appellants.

The testimony shows that it was necessary to clean out the pool afterward, and that a number of men with teams were engaged in this work for from seven to eighteen days. One of the plaintiffs testified that the difference between the market price and value of the gin lot with the pool before it was damaged by the cotton being put into it and left there and afterward, was between four hundred and five hundred dollars. That is the correct measure of the damages. 67 Ark. 374. Even if the plaintiffs consented for the cotton to be thrown into the pool, and for the burned and rotted cotton and bagging and ties to be thrown in and left there, they would be entitled to a reasonable rental for the use and occupancy of their property. Kirby's Dig., §§ 4699, 4700; 25 Ark. 134; 94 Ark. 115.

*E. B. Kinsworthy, R. E. Wiley* and *T. D. Crawford,* for appellee.

1. Testimony tending to prove that the land was depreciated in value by reason of the bales of cotton being placed in the pool, was clearly incompetent.

Where an injury to land is temporary only, as in this case, and may be remedied, the measure of damages is the diminished rental or usable value of the land. 95 Ark. 297; Hale on Damages, 499; 156 Mass. 466; 123 N. Y. 52; 58 Barb. 20; 65 Mich. 333; 11 Gray, 353.

2. The court was right in directing the verdict for appellee. This is a suit for trespass. There is no proof to sustain the allegation that the cotton was placed in the pool without plaintiff's consent or permission. Moreover, it does not appear that plaintiffs sustained any loss or injury by reason of the cotton being placed in the pool. The ginning season for the year was over before the fire took place and plaintiffs sold out before the next season began.

If appellee was guilty of a trespass, and if by reason thereof injury to the pool was occasioned by the cotton being placed therein, it was an injury that could have

been removed by cleaning out the pool. Plaintiffs did not do this, nor did they prove what it would cost to clean it out. They could not under the evidence have recovered more than nominal damages, and for that this court will not reverse. 53 Ark. 16; 54 Ark. 165; 55 Ark. 376; *Id.* 128; 33 Ark. 814.

SMITH, J., (after stating the facts). The court below did not consider the question of the measure of damages, as under its view there was no liability. But the right to recover damages, if such a right exists, can not be defeated because appellants sought to apply an erroneous measure. We think this cause should have been submitted to the jury upon the theory that appellee had used appellants' property and had damaged it in its use. The measure of such damages, however, would not be the depreciated value of the property, but would be the cost of restoring the property to its former condition, together with compensation for the usable value during the time appellants were deprived of its use, and if the proof upon a trial anew does not show that appellants were deprived of the use of the pool, then their recovery should be measured by the cost of restoring the pool to its condition before the cotton was placed in it. *Cavanagh* v. *Durgin,* 156 Mass. 466.

It is now urged by appellee that no recovery should be permitted in this case because appellants did not clear out the pool and incurred no expense on that account as they sold the entire property before the pool had been cleared out and that any expense in that connection was incurred after the sale of the property by them. But we do not think that appellants' right of recovery can be defeated on that account. They were entitled to compensation for the use of the pool whether they cleaned it out or not, and their right of recovery can not be defeated because they did not incur this expense. According to the evidence of appellants they made a deduction in the purchase price of the property which far exceeded the cost of

repairs, but they would have the right of recovery whether this was true or not, and the judgment of the court below will, therefore, be reversed and the cause remanded for a new trial.