(88 South. 120)

No. 23243.

## REISZ v. KANSAS CITY SOUTHERN R. CO.

(Feb. 28, 1921. Rehearing Denied April 4, 1921.)

*(Syllabus by Editorial Staff.)*

**1. Parties ☞70—Petition held to show plaintiff suing on behalf of others.**

In an action for damages from fire caused by sparks from defendant's locomotive, a petition, alleging that specified amounts of the damages claimed were due petitioner for the use and benefit of certain insurers, subrogees, and beneficiaries under policy contracts, and asking that it be decreed that they were beneficiaries and subrogees of the judgment, to which was annexed receipts whereby plaintiff subrogated them to his rights, sufficiently showed that he was suing as representative or agent for the insurance companies.

**2. Pleading ☞228 — Exception held to admit that plaintiff was agent of those for whom he sued.**

In an action for damages from fire brought as to part of the damages on behalf of insurance companies subrogated to plaintiff's rights, an exception of no cause or right of action admitted all facts well pleaded, and, it being alleged that plaintiff was the agent of the insurance companies, such capacity was admitted.

**3. Parties ☞96(2)—Exception to capacity of plaintiff must be pleaded in limine.**

Under Code Prac. arts. 320, 332, and 333, an exception to plaintiff's capacity to sue on behalf of insurance companies subrogated to his rights is dilatory in character and must be pleaded in limine and is cut off by default or pleading to the merits.

**4. Principal and agent ☞183(1) — Mandate; statute held to authorize agent to sue for principal.**

Code Prac. art. 320, authorizing defendant to refuse to answer if one pretending to act as attorney in fact does not annex to the petition a copy of the power of attorney, implies that suit may be brought in the name of an agent disclosing the name of his principal.

**5. Vendor and purchaser ☞203—Sales; rental value during repair of building not recoverable after sale.**

Where a building damaged by fire was sold 10 days after the fire, the owner was not entitled to recover the rental value during the period of repairs except for the ten days, though he suffered a loss on the sale because of the fire.

**6. Damages ☞59 — Tenant's irregularity in payment does not affect right to rental value.**

That a tenant of a building damaged by fire was behind and irregular in her payments of rent was a matter between her and the owner and did not affect the owner's right to recover the rental value during the period of repairs.

**7. Damages ☞39—Rental value during repair of damaged building is recoverable.**

The rental value during the term of repair of a building partially destroyed by fire is recoverable as an element of the damages.

**8. Damages ☞111—Measure of damages for partial destruction of building stated.**

Where plaintiff's building was partially destroyed by fire set by sparks from defendant's locomotive, he was entitled to recover the value only of the part destroyed at the time of the fire, or, in other words, to be restored to the condition which obtained before the fire.

**9. Damages ☞111 — Allowance for depreciation to be made from cost of restoration.**

In determining the damages to a building partly destroyed by fire, a deduction for depreciation must be made from the cost of restoring the property with new material more valuable than that destroyed.

Provosty, J., dissenting.

Appeal from First Judicial District Court, Parish of Caddo; R. D. Webb, Judge.

Action by Louis Reisz against the Kansas City Southern Railroad Company. From a judgment for plaintiff, defendant appeals. Judgment amended and affirmed.

Wilkinson, Lewis & Wilkinson, of Shreveport, for appellant.

J. S. Atkinson, of Shreveport, for appellee.

DAWKINS, J. This is an action in damages ex delicto for the partial destruction by fire of a certain building owned at the time by the plaintiff. It is charged that the fire was caused by sparks from the locomotive of defendant, and in their brief counsel for defendant concede that liability for the fire has

148 La.—30

been shown, but deny that plaintiff is entitled to recover:

(1) Because the petition discloses no cause of action or right of action.

(2) In the alternative, that the amount allowed by the lower court exceeded the value of the property destroyed.

### Exception of No Cause and No Right of Action.

This exception is pleaded in the opening paragraph of the answer, and the written opinion of the trial court overruling the same informs us that it was submitted by defendant without argument or citation of authority.

In this court, we were informed by argument and brief that it is addressed to the fact that plaintiff alleges he has been paid in full by the insurance companies whose policies covered the damaged property, and that he has transferred all of his rights with full subrogation to them, and that, showing no real or pecuniary interest in himself, the petition, on its face, fails to state a right of action, as required by article 15 of the Code of Practice.

[1] In so far as the right to recover anything for his individual benefit is concerned, the petition and annexed exhibits do conclusively show that plaintiff has parted with all interest in the subject-matter of the litigation, except as to the rental value of the property during the period necessary to repair it, and as to which latter demand, if entitled in law to recover, the benefit would flow to plaintiff. However, although the petition does not disclose as clearly as might have been done the fact that as to the damage to the building the demand was for the use and benefit of the insurance companies who had reimbursed plaintiff therefor, yet a reading of the whole shows that that is the relation or capacity in which he sues, i. e., as representative or agent for those claimants. This is made reasonably plain in paragraph XIV of the petition, which we quote as follows:

XIV. That of the aforesaid aggregate sum of $2,887.68 due your petitioner for the said losses and damage, the sum of $2,387.68 is due your petitioner for the use and benefit of the following named parties, subrogees and beneficiaries under the said policy contract and said subrogation agreements in the following proportionate amounts:

| | |
|---|---:|
| Hartford Fire Insurance Company of Hartford, Connecticut | $477.50 |
| Firemen's Insurance Company of Newark, New Jersey | 596.92 |
| London & Lancashire Fire Insurance Co., Limited, of London, England | 716.30 |
| The London Assurance Corporation of London, England | 596.92 |

And the prayer is as follows:

"Wherefore petitioner prays that the defendant, the Kansas City Southern Railroad Company have service of citation and copy of this petition according to law, and as the law directs and upon final trial hereof, there be judgment in favor of petitioner, Louis Reisz, and against defendant, the Kansas City Southern Railroad Company, in the full sum of $2,887.68 damages, with 5 per cent. per annum interest on said amount from judicial demand, and for all costs. And petitioner prays that it be further ordered, adjudged, and decreed that the above-named insurance companies be decreed to be the beneficiaries and subrogees, of the said judgment to the extent of $2,387.68, each in the respective amount written opposite its name above in this petition."

In the receipts given by plaintiff for the insurance money attached to the petition, he subrogated them to all his rights and bound himself to allow the use of his name for this very purpose, and the suit as instituted is but a carrying out of that obligation.

[2, 3] Therefore, the question raised by the argument is one really of the capacity or authority of plaintiff to stand in judgment for the insurance companies. Being urged as an exception of no cause or right of action, it necessarily admits all questions of fact well pleaded, and the petition alleging, in substance, that the plaintiff was the agent of the real defendants, for the purpose of the suit, the capacity was admitted. In any event, the

exception of capacity is dilatory in character and must be pleaded in limine, otherwise the same is cut off by default or pleading to the merits. Code Prac. 320, 332, 333; Gualden v. K. C. S. Ry. Co., 106 La. 409, 30 South. 889; Parish of St. John v. Shexnaydre, 34 La. Ann. 850; Lewis v. Homer, 23 La. Ann. 254; Louisiana Dig. vol. 6, p. 30, sec. 59, verbo-Pleading.

[4] The practice of suing by one party for the use and benefit of another has been recognized by this court in a number of cases. Smith v. Atlas Steam Cordage Co., 41 La. Ann. 1, 5 South. 413; Willard v. Lugenbuhl, 24 La. Ann. 18; Davis v. Taylor, 4 Mart. (N. S.) 134; Dayton v. Com. Bank, 6 Rob. 17. And article 320, C. P., by the strongest kind of implication indicates that a suit may be brought in the name of an agent, if he disclose the name, etc., of his principal.

[5, 6] As to the demand for the rental value of the property during the period of repair, the record shows that plaintiff sold the entire property on August 8th, after the fire, on July 29, 1917, and he is entitled in no event to more than the rent for 10 days. If he suffered a loss in the sale, because of the fire, that was a different character of damage which has not been alleged or proven, and hence no right shown to recover. The property was leased for $50 a month, and while it is true the tenant was behind and irregular in her payments, that was a matter between plaintiff and his lessee.

[7] We have been unable to find any decision of this court, and none has been cited, passing directly upon the question of the right to recover for the rental or use of a building partially destroyed, during the term of repair; but the courts of the other states seem to concede this to be a part of the direct and recoverable damage flowing from such a tort.

In the case of Slavin v. State, 152 N. Y. 45, 46 N. E. 321, it was said:

"Where the state, in deepening a canal, injured the property of an abutting owner, the owner was entitled to be compensated for the injuries to his building, measured by the sum necessary to restore it, and for any loss of rental value during the time required to make the repairs."

Also in Keats v. Gas Co., 29 Pa. Super. Ct. 480:

"Where an injury to a house is not of a permanent character the measure of damages is the cost of restoring the property to its former condition, together with compensation for the loss of its use, unless [the cost of restoration] should exceed the value of the building, in which case such value would be the measure of damages."

In Ross & Ross v. St. L., I. M. & S. Ry. Co., 120 Ark. 264, 179 S. W. 353, it was held:

"The measure of damages for injury to the pool supplying plaintiff's cotton gin with water held the cost of restoration, and the value of the lost use."

And in Lexington & E. Ry. Co. v. Baker, 156 Ky. 431, 161 S. W. 228, it is said:

"Measure of damages [for injuries to a house] is a sum sufficient to restore the property to condition it was in prior to its injury, and such further sum as will compensate plaintiff for the diminution in the value of the use during the continuance of the injury."

See, also, 8 R. C. L. 493.

We therefore think plaintiff entitled to recover 10 days' rent at $50 per month, or $16.66.

[8] With reference to the measure of damages to the house the plaintiff was entitled to recover the value only of the part destroyed at the time of the fire; or, in other words, to be restored to the condition which obtained before the injury was inflicted. Palmetto Moss Factory v. Texas & Pacific Ry. Co., 145 La. 555, 82 South. 700. We also quote from authorities cited by defendant, as follows:

"The real value of a building is to be ascertained by taking into account the original cost

and the cost of replacing it and making allowance for depreciation from use, age and other like causes as the conditions under which it was required." Sutherland on Damages (3d Ed.) vol. 4, § 1015, p. 2967.

"So the measure of damages is not the original value of goods insured but the amount or extent of the loss or damage occasioned by the fire. There are two methods of ascertaining the value; the cost of replacing less depreciation from use or age and the value of the building at destruction less the value of the ruin." Cooley's Briefs on the Law of Insurance, vol. 7, § 3079.

"In an action for the destruction of a roof of a house the measure of damages * * * is what it would cost to replace the roof new less an allowance for depreciation from use [or] age." Hearn v. McDonald, 69 W. Va, 435, 71 S. E. 568.

See, also, Chicago & E. R. Co. v. Ohio City Lbr. Co., 214 Fed. 751, 131 C. C. A. 57; McMahon v. City of Dubuque, 107 Iowa, 62, 77 N. W. 517, 70 Am. St. Rep. 143; Wall v. Platt, 169 Mass. 398, 48 N. E. 270.

[9] The estimate given by competent experts was that it would require the sum claimed, $2,387.68, to restore the property, and that was the basis on which the insurance companies settled; but this would have been done with new material more valuable than that destroyed, hence allowance must be made for depreciation. The evidence is conflicting as to just when the roof and other parts destroyed by the fire had been put on, some claiming it had been more than 20 years before, and others that a new roof or at least a portion had been put on within the past 5 or 6 years. Altogether, we think an allowance of one-third for depreciation would be fair and equitable, or, say, $1,591.78.

For the reasons assigned, the judgment appealed from is amended by reducing it to the sum of $1,608.44, and, as thus amended, it is affirmed; plaintiff to pay costs of appeal and defendant the costs of the lower court.

PROVOSTY, J., dissents.