Aaron B. Dupuy brings this suit against the Graeme Spring 
Brake Service, Inc., for $129.95, alleging that it is responsible for damages sustained by his automobile in that amount, as a result of a fire which occurred while the automobile was in the possession of defendant for the purpose of having its speedometer repaired.
The defendant answered disclaiming any responsibility for the fire or its consequences and later, after the case had been called for trial, filed an exception of no cause of action based upon a statement made by plaintiff on the witness stand to the effect that his damages had been paid *Page 491 
in full. The exception was overruled and the case proceeded to trial on its merits.
There was judgment in favor of plaintiff as prayed for and defendant has appealed.
Dupuy testified that at the time the fire occurred, he held a policy of insurance with the State Farm Mutual Automobile Insurance Company, which paid his claim in full, and, when asked whether he had any further claim against the fire insurance company for damages growing out of the fire, he replied "I have been paid in full with the exception of the depreciation", whereupon counsel for defendant asked permission of the Court to file an exception of no cause of action and moved for the dismissal of plaintiff's claim.
The exception is based upon the contention that plaintiff's claim has been extinguished by payment.
Article 2134 of the Revised Civil Code provides:
"An obligation may be discharged by any person concerned in it, such as a co-obligor or a surety.
"The obligation may even be discharged by a third person no way concerned in it, provided that person act in the name and for the discharge of the debtor, or that, if he act in his own name, he be not subrogated to the rights of the creditor."
The Court of Appeal for the Second Circuit in Smith v. Vinson, 7 La.App. 309, said:
"A debt may be paid and the obligation discharged by a third person no way concerned in it."
There is no contention here that there was any subrogation.
In Hanton et al. v. New Orleans, etc., Light Power Co.,124 La. 562, 50 So. 544, 548, plaintiffs sued for $26,785.53, and admitted having received $18,500 from the Hibernia and Sun Mutual Insurance Companies, which were subrogated pro tanto. The suit was brought in the name of the insured. The defendant, in that suit, claimed that the insured should only have prosecuted his claim for the amount due him, leaving to the insurance companies, who had become subrogated to the extent of the amount paid their insured, to prosecute the claim for the remainder. The court said:
"The effect of this would have been to have required that one single cause of action should be split into a number of actions, each action being by the assignee of a particular portion of the loss. Had the different parties partially interested in the loss brought separate actions, we think it can be safely assumed that the defendant would have urged as a legal proposition that the plaintiffs had no right to divide one single cause of action into a number to suit his convenience or his interests. As matters stand, we do not think defendant sets up any just cause for complaint."
In Reisz v. Kansas City Southern R. Co., 148 La. 929, 88 So. 120, 121, the plaintiff sued the Kansas City Railway Company alleging that it was responsible for a fire which damaged his property. An exception of no cause of action was filed based upon a statement in the petition to the effect that the plaintiff had been paid in full by certain insurance companies, whose fire insurance policies covered the damaged property and that, therefore, the plaintiff was without any real or pecuniary interest. In overruling the exception, the Supreme Court said:
"In so far as the right to recover anything for his individual benefit is concerned, the petition and annexed exhibits do conclusively show that plaintiff has parted with all interest in the subject-matter of the litigation, except as to the rental value of the property during the period necessary to repair it, and as to which latter demand, if entitled in law to recover, the benefit would flow to plaintiff. However, although the petition does not disclose as clearly as might have been done the fact that as to the damage to the building the demand was for the use and benefit of the insurance companies who had reimbursed plaintiff therefor, yet a reading of the whole shows that that is the relation or capacity in which he sues, i.e., as representative or agent for those claimants."
In Ayres v. Wyatt, La.App., 185 So. 84, 86, the Court of Appeal for the Second Circuit held that an insured might maintain an action against the wrongdoer for the full amount of the damages sustained because the amount paid by the insurer did not fully compensate the insured, and because the suit was being prosecuted for the joint benefit of the insured and the insurer. We read the following in the opinion:
"The insurer paid plaintiff $328 in full discharge of its liability to him under the policy contract. This payment by the insurer did not nearly cover in full the damages to the car. He signed no subrogation, but testified that the suit was being *Page 492 
prosecuted for the joint benefit of himself and his insurer."
The authorities are to the effect that where a plaintiff brings an action of this character he may bring the suit in his own name, notwithstanding the fact, that he has been paid by a third person, such as an insurance company, a part of his claim and that he may maintain such an action even though a subrogation has been had by the insurer.
Plaintiff's counsel calls our attention to the fact that the statement by the plaintiff, upon which the exception of no cause of action is based, was qualified by the words "with the exception of the depreciation", and argues that this case comes within the authority of the cases we have discussed, contending that there is something left of plaintiff's claim, that is to say, the depreciation suffered by his automobile. Our answer to this argument is that there is no claim in his petition for depreciation and there is no proof in the record of any depreciation having been sustained, consequently, the case falls within the rule to the effect that one may not maintain an action for an obligation which has been extinguished by a third person and not within the exception noted by the jurisprudence.
In our opinion the exception of no cause of action should have been sustained, consequently, and
For the reasons assigned the judgment appealed from is annulled, avoided and reversed and it is now ordered that the exception of no cause of action be and it is sustained.
Reversed.