194 So.2d 772 (1967)
William H. DAVIS et al., Plaintiffs-Appellees,
v.
John C. ROBERTS, M.D., et al., Defendants-Appellants.
No. 6872.
Court of Appeal of Louisiana, First Circuit.
January 30, 1967.
*773 Robert E. Leake, Jr., of Hammett, Leake & Hammett, New Orleans, for appellants.
William M. Campbell, New Orleans, for appellees.
Before LOTTINGER, REID and SARTAIN, JJ.
SARTAIN, Judge.
This action involves damages to a building owned by plaintiffs, which damages were caused when an automobile owned and driven by the defendant, John C. Roberts, went out of control and struck the eastern portion thereof. Liability has been admitted by the defendants throughout these proceedings. Accordingly, the issue in the trial court as here on appeal concerns only the question of quantum.
Without assigning oral or written reasons the trial judge rendered judgment in favor of the plaintiffs and against the defendants, jointly and in solido, in the sum of $7,056.50. Defendants have appealed suspensively from this judgment contending that the sum is excessive and not supported by the evidence. Plaintiffs have answered the appeal asking that the judgment be increased to the sum originally prayed for.
Facts, other than the question of quantum are not in serious dispute. Plaintiffs are the owners of a single story one office building, measuring 16' × 4'' by 36' × 10'', constructed of cement blocks on a concrete slab foundation. The said building includes two office units separated by a lavatory and two closets. The closets and the lavatory are divided by a small hall which connects the two offices. The impact of the collision was so severe that he knocked out the corner and portions of the two walls.
It is apparent that the trial judge did not feel that the estimate of defendants would adequately compensate plaintiffs. Likewise, he did not consider that plaintiffs were entitled to a new building.
In matters such as this and particularly where there is considerable variance in the estimated damages which render calculation thereof difficult much discretion is accorded to the trier of fact. Trahan v. Bearb, La.App., 138 So.2d 420; Simmons v. Zeno, La.App., 168 So.2d 357; East v. Pan American Pet. Corp., La.App., 168 So.2d 426. The award made herein cannot be accurately calculated by us in the absence of written or oral reasons by the district judge. For the limited purpose of determining whether or not there has been an abuse of the rather wide discretion vested in the trial judge, we shall give independent consideration of the evidence and the applicable jurisprudence.
The main dispute with respect to quantum is whether or not the building can be repaired as urged by the defendants or whether or not the severity of the damages was such that the building cannot be repaired and must be replaced. Two expert witnesses appeared, one for plaintiff and one for defendants, each offering evidence in support of the position urged by the party in whose behalf they testified.
Defendants' witness, Henry C. McCarty, a general contractor and appraiser of considerable experience, testified that in his opinion the building should be repaired and submitted a detailed estimate of damages totaling $4,180.00. This witness offered to perform the repairs in accordance with his estimate.
Plaintiffs' witness, Peter Hutchinson, a contractor and builder, who also serves as building inspector for the Town of Mandeville, testified that in his opinion the impact *774 of the collision not only knocked out the corner and walls but was also severe enough to cause cracks in other parts of the building sufficient to break the seals and therefore he recommended against repair. His estimate for a new building, based on plans and specifications submitted to him by plaintiff, was in the sum of $8,933.00.
In his discussion with both of the witnesses, plaintiff insisted that the repair work would have to be guaranteed against future cracks for a period of one year following completion. Mr. McCarty stated that he had observed old cracks in the building and would not guarantee other than performing his repair work in a neat and workmanlike manner. Mr. Hutchinson stated that he would only guarantee his work against future cracks if it were a new building and constructed by himself.
In arriving at the amount of damages to property, our courts have in the past followed generally three approaches. The cost of restoration, if the thing damaged can be adequately repaired. Hayward v. Carraway, La.App., 180 So.2d 758; Lambert v. American Box Co., 144 La. 604, 81 So. 95, 3 A.L.R. 612. The difference in value prior to the damage and the value following the damage. Maryland Casualty Co. v. Rittiner, La.App., 133 So. 2d 172. If the value before and after the damage cannot be reasonably determined or if the cost of repairs exceed the value of the thing damaged, the measure of damages to the owner has been the cost of replacement new, less reasonable depreciation. Palmetto Moss Factory v. Texas & P. Ry. Co., 145 La. 555, 82 So. 700; Reisz v. Kansas City Southern R. Co., 148 La. 929, 88 So. 120; Gray v. Security Storage & Van Co., La.App., 26 So.2d 399.
As stated hereinabove the serious difference of opinion between the parties herein is whether or not the damages to the building of the plaintiffs were of sufficient severity as to preclude repairs thereto or restoration thereof. Considering the evidence in this case we are of the opinion that the record fully supports the finding that plaintiffs cannot be adequately compensated for the damages to their building by the acceptance of repairs as offered by defendants' witness. It is undisputed that the building of plaintiffs at the time of the loss was in excellent condition. Each witness that testified confirmed the fact that plaintiff, William H. Davis, exercised extraordinary care in the maintenance of this small building. Mr. McCarty who testified that he observed old cracks in the wall also testified that he observed new cracks. These new cracks were caused by the impact of defendant, John C. Roberts' automobile. We must assume that Mr. McCarty proposed to treat the new cracks in the same manner as the old, when he stated, "Just pointing them up as you paint the building. That's no great problem." Common sense dictates to us that a wall which has received a blow sufficient enough to cause a crack therein is no longer as structurally sound as it was before the impact and the treatment proposed would not remedy the defect.
Notwithstanding the fact that plaintiff's building cannot be properly repaired under the clear jurisprudence of this state they are not entitled to a new building. Palmetto Moss Factory v. Texas & P. Ry. Co., supra, and Reisz v. Kansas City Southern R. Co., supra. Defendants urge that because of the age of the building, which was constructed 16 years ago, we should allow a depreciation of at least fifty percent. In the Palmetto Moss Factory and Reisz Cases, both decided by our Supreme Court, a depreciation of one-third was allowed. In the former case, the age of the building was not disclosed. In the latter case, the evidence as to the age of the building was conflicting and ranged from 20 to 6 years. In the instant matter, recognizing that the building was in fact 16 years of age, but was of masonry construction and in excellent condition at the time of the damage, we think a depreciation of one-third is fair and reasonable.
*775 Plaintiffs' estimate of $8,933.00 included central air conditioning at a cost of $1000.00. Inasmuch as this building did not contain central air conditioning, the estimate for replacement must be reduced by the amount of this item or to a sum of $7,933.00. Accordingly, in adopting the view that plaintiffs' damages be computed on the basis of cost of replacement, less depreciation of one-third, plaintiffs are entitled to the recovery of $5,288.56, as proper quantum for damages caused to the building itself.
Plaintiffs cite Shell Petroleum Corp. v. Scully, 5 Cir., 71 F.2d 772, for the proposition that defendants are bad faith trespassers and as such are not privileged to invoke the rule of new replacement value, less depreciation; and, that defendants are required by law to indemnify plaintiffs to the full extent of their loss, namely, a new building. LSA-C.C. Arts. 2315, 1934. We do not find the case and articles cited apposite or controlling under the facts herein presented. In the case cited, defendant deliberately went upon the lands of plaintiff for the express purpose of conducting geological explorations, a valuable right reserved unto plaintiff. LSA-C.C. Art. 1934 provides a principle of recovery for breach of contract which has been extended to suits of offenses or quasi-offenses. Said article specifically defines "bad faith" as not a "mere breach of faith in not complying with the contract, but a designed breach of it from some motive of interest or ill will." A trespasser is one who goes upon the property of another without the other's consent. Williams v. J. B. Levert Land Co., La.App., 162 So.2d 53; Malatesta v. Lowry, La.App., 130 So.2d 785; Alexander v. General Accident Fire and Life Assur. Corp., La.App., 98 So.2d 730. However, these cases and others clearly show a deliberate intention on the part of one to go upon the property of another. In the instant matter, defendants though guilty of a negligent act for which they must stand in judgment cannot be considered to have intended to go upon the property of plaintiffs so as to be classed "trespassers."
Plaintiffs further argue their right to damages for inconvenience, Plunkett v. United Electric Service, 214 La. 145, 36 So.2d 704, 3 A.L.R.2d 1437; loss of use and rental value of building, Reisz v. Kansas City Southern R. Co., 148 La. 929, 88 So. 120; together with other damages more particularly set forth in their petition. Our examination of the record convinces us that plaintiffs have failed to bear the burden of proof in showing by a preponderance of evidence that they have in fact sustained the losses complained of. See Sutherlin Sales Co., Inc. v. United Most Worshipful, Etc., La.App., 127 So. 2d 253, and Breeland v. New Amsterdam Casualty Co., La.App., 142 So.2d 514.
For the above and foregoing reasons the judgment of the district court in the sum of $7,056.50 is amended and the same is reduced in the amount of $1,767.94, or to the sum of $5,288.56. In all other respects the judgment is affirmed. Defendant is to pay the costs of this appeal.
Affirmed.