220 So.2d 764 (1969)
George J. GRANGER, Jr., Plaintiff-Appellee,
v.
Emile BOUILLION, d/b/a Bouillion House Moving, et al., Defendants-Appellants.
No. 7584.
Court of Appeal of Louisiana, First Circuit.
March 10, 1969.
Rehearing Denied April 14, 1969.
*765 Lippman & Hunter, Morgan City, for appellants.
Risley C. Triche, of Triche & Sternfels, Napoleonville, for appellee.
Before LOTTINGER, ELLIS and BAILES, JJ.
BAILES, Judge.
This is an appeal from the judgment of the trial court condemning the defendants, Emile Bouillion, d/b/a Bouillion House Moving, and his son, Kenneth Bouillion, in solido, to pay to plaintiff the sum of $3974.20, representing damages to a camp house which defendant, Emile Bouillion, contracted to move for plaintiff. We find the trial court correctly determined that damages were due the plaintiff, however, the amount of the award is excessive and will be reduced.
The only serious question before us is that of quantum. The defendants do not contend that plaintiff was not damaged to some extent in the moving of the camp house. The facts are that plaintiff and defendant, Emile Bouillion, entered into an oral contract for the removal of plaintiff's camp house from one side of Belle River to the other side for a consideration of $268.80. As the building was too large to move with the porch attached, it was agreed that the plaintiff, upon being advised by defendant that he was ready to make the move, would detach the porch from the house. The defendant, without giving the plaintiff the required notice to detach the porch, acting through his employee and son, Kenneth Bouillion, removed the porch and in doing so completely destroyed it. In preparing the remaining portion of the house for moving, the defendant jacked up the building at its four corners without providing any support in the middle. Immediately after raising the house about three feet off the foundation, the house sagged in the middle unsupported area. Subsequently, the building was lowered for the purpose of placing supporting timbers underneath the structure. Within a short time thereafter the building was removed from its then location to the new location designated by plaintiff.
The record completely supports the plaintiff's allegation that "defendant, his agents and employees, damaged your petitioner's house beyond repair * * *." The evidence shows that when the house was raised at its four corners without support in the middle that the floor, the walls, studs, rafters, plumbing, ceiling and doors and windows were damaged beyond repair. Although, plaintiff's expert witness, Mr. Willy Templet, a general contractor, testified that he would not attempt to repair the building, and that it would cost $5,388 to reconstruct plaintiff's camp house, the plaintiff, himself a building contractor, through the utilization of employees on weekends, remodelled and rebuilt the camp for a total cost of $3974.20.
From the description of the work performed in the rebuilding of the camp house and the materials used in doing this work, and by comparing the appearance of the structure before and after the renovation as shown by the photographs offered by both plaintiff and defendants, it is obvious and certain that plaintiff has a much better and more pretentious house now than he possessed prior to the damage.
It was shown that this camp house was originally built on government property, in fact on a levee under the control of the U. S. Corps of Engineers, and the removal was made necessary because of certain *766 improvement work required on the levee. The building had been purchased by plaintiff not many months prior to the move for $560. It was established that he had done certain improvements to the building at a cost of about $1800.
This Court in the case of Davis v. Roberts (1967) 194 So.2d 772, was faced with a question of determining damages to property similar to the instant case. In this Davis case, plaintiff's property had been damaged by an automobile, or a tortious damage, whereas in the instant case, the damage arose from a contract, however, the principles to apply in assessing damages are the same in either case. Therein this Court stated on page 774:
"[3] In arriving at the amount of damages to property, our courts have in the past followed generally three approaches. The cost of restoration, if the thing damaged can be adequately repaired. Hayward v. Carraway, La.App., 180 So.2d 758; Lambert v. American Box Co., 144 La. 604, 81 So. 95, 3 A.L.R. 612. The difference in value prior to the damage and the value following the damage. Maryland Casualty Co. v. Rittiner, La.App., 133 So.2d 172. If the value before and after the damage cannot be reasonably determined or if the cost of repairs exceed the value of the thing damaged, the measure of damages to the owner has been the cost of replacement new, less reasonable depreciation. Palmetto Moss Factory v. Texas & P. Ry. Co., 145 La. 555, 82 So. 700; Reisz v. Kansas City Southern R. Co., 148 La. 929, 88 So. 120; Gray v. Security Storage & Van Co., La.App., 26 So.2d 399."
We find that neither the first nor the third approach can reasonably be applied to the facts of this case. The cost of restoration and the cost of replacement new cannot be determined because the building was not in fact restored or replaced in the same manner in which it was originally built. We have determined that the most equitable and reasonable manner to fix the quantum of damages is to assess the difference in value prior to the damage and the value following the damage. As stated above, the plaintiff paid $560 for the structure and added, as best as we can calculate about $1800 in labor and materials prior to the moving, thus the building had a value of $2360. Considering the appearance of the house before any repairs were made to it subsequent to the move, it seems reasonable to us that it had a salvage value of $360. In this manner, we have determined that the amount of the damage suffered by plaintiff through the fault of the defendant, Emile Bouillion, was $2,000.
Defendant attempts to escape liability for the damage to plaintiff in destroying the porch to the camp house by contending this was done under the direction and supervision of a Mr. Deroche who was the agent of plaintiff. We find nothing in the record to support an agency relationship between plaintiff and Mr. Deroche. The evidence shows that Mr. Deroche "watched" plaintiff's camp as he lived nearby, and that Mrs. Deroche cleaned the house occasionally. This type of a relationship will not support the defendant's contention.
Further, plaintiff seeks to recover judgment in solido against Kenneth Bouillion under the allegation that Kenneth Bouillion negligently, recklessly and carelessly destroyed the porch. Whatever Kenneth Bouillion did in removing the porch, although not in conformity to the contract, he did as agent for his father in furtherance of the contract to move the house.
For the foregoing reasons, the judgment of the trial court in favor of plaintiff and against the defendant, Kenneth Bouillion, is reversed and set aside, and the judgment insofar as it cast Emile Bouillion, defendant-appellant, is reduced to the sum of $2,000, together with interest thereon from date of judicial demand until paid, and for all court costs.
Reversed in part, amended in part and affirmed.