BAILES, Judge.
Plaintiff, Aetna Insurance Company, appeals from the judgment of the trial court dismissing its action to recover damages, representing the cost of replacing the front porch of the dwelling owned by Santo Sot-tile, its assured, incurred as the result of a two car collision at the intersection of Toulouse and South Salcedo Streets in the City of New Orleans on June 24, 1965.
Defendant, Kermit Williams, filed an exception of no cause or right of action to the claim asserted by plaintiff, Santo Sottile, on the ground that he had prior to filing this action subrogated the other plaintiff, Aetna Insurance Company to the entire claim for damages and thereby has no interest in this proceeding. The act of subrogation received in evidence clearly shows that the assured, Santo Sottile, is without interest in this matter, and the exception of no right of action is sustained. Santo Sottile is dismissed as a party plaintiff.
In the plaintiff’s petition it is alleged that defendant, Charles Palao, was the owner of the automobile driven by Edward Palao. The record is barren of any evidence whatsoever showing that Edward *396 Palao was either the agent or representative of Charles Palao in the operation of the vehicle. For this reason, Charles Pa-lao is dismissed from this action as a party defendant.
Each of the defendants filed third party actions against the other both of which actions were dismissed by the trial court. Under our conclusion of fault, neither of the defendants has a cause of action against the other, therefore the judgment of the trial court is affirmed.
This accident occurred at the intersection of Toulouse and South Salcedo Streets. At this intersection, Williams was driving south on South Salcedo and Palao was driving west, thereby Williams was the operator of the vehicle which was entering the intersection to Palao’s right. This is an uncontrolled intersection.
It is impossible to determine what the action of Williams was at the intersection. His testimony is uncertain, confusing and contradictory. At different times he testified he was crossing a blind intersection; that he slowed his automobile to 10 mph before driving through the intersection; that he stopped before entering the intersection and looked both ways; at one time he said Palao struck the side of his automobile and on another time he stated Palao struck the front of his automobile. Because of the irreconciliability of his testimony, we must conclude that he has not borne the burden of establishing the absence of fault in driving into the intersection and colliding with the truck driven by Palao.
Clearly Mr. Palao was guilty of negligence that was a contributing proximate cause of the accident. He testified that he was driving west on Toulouse Street; that he drove through the intersection of South Salcedo Street at a speed of 20 mph and that he did not see the other vehicle before the impact.
R.S. 32:121 of the Highway Regulatory Act provides:
“A. The driver of a vehicle approaching an intersection shall yield the right of way to a vehicle which has entered the intersection from a different highway.
“B. When two vehicles enter an intersection from different highways at approximately the same time, the driver of the vehicle on the left, shall yield the right of way to the vehicle on the right.
“C. The right of way rules declared in Sub-sections A and B are modified at through highways and otherwise as hereinafter stated in this Part.”
It appears that Mr. Williams approached and entered this intersection at the same time that Mr. Palao did, and both acted without being alert to the presence or approach of any other vehicle from opposing directions. With the exercise of slight care, Williams could have observed the speed at which the Palao vehicle was approaching the intersection, and have averted the collision.
By these facts and circumstances we are constrained to conclude that the accident was caused by the joint and concurrent negligence of both drivers which was the proximate cause of the accident.
Having determined that both defendants are responsible for the damages to the porch on the dwelling of Santo Sottile when the truck of Palao was by the force of the impact of the two vehicles propelled into the said porch, we pass now to a consideration of the proof of the damages.
The only evidence in the record before us is the hearsay testimony, admitted into the record without objection, of Mr. Sottile’s daughter who stated that her father paid $715.00 for the replacement of *397 the porch and the unverified estimate of a contractor that the cost of repairing the porch would be $715.00. Proof is that the porch that was damaged was constructed of concrete piers *vith wooden frame and floor, and that the replacement porch was entirely of concrete. Mr. Sottile was entitled to recover the cost of restoring his property to the condition it was prior to the accident at the expense of the tort-feasors, however, it appears to us that a new concrete porch is an appreciable enhancement of the property over its pr’or condition.
In Granger v. Bouillion, La.App., 220 So.2d 764 (1969) what the court said on page 766 appears to be apropos here:
“(1) ‘(3)
In arriving at the amount of damages to property, our courts have in the past followed generally three approaches. (1) The cost of restoration, if the thing damaged can be adequately repaired. Hayward v. Carraway, La.App., 180 So.2d 758; Lambert v. American Box Co., 144 La. 604, 81 So. 95, 3 A.L.R. 612. (2) The difference in value prior to the damage and the value following the damage. Maryland Casualty Co. v. Rittiner, La.App., 133 So.2d 172. (3) If the value before and after the damage cannot be reasonably determined or if the cost of repairs exceed the value of the thing damaged, the measure of damages to the owner has been the cost of replacement new, less reasonable depreciation. Palmetto Moss Factory v. Texas & P. Ry. Co., 145 La. 555, 82 So. 700; Reisz v. Kansas City Southern R. Co., 148 La. 929, 88 So. 120; Gray v. Security Storage & Van Co., La.App,, 26 So.2d 399.’ ” (Enumeration supplied)
Of the three approaches available, the only one applicable to this case is the third enumerated approach for the reason the owner replaced the porch with new construction.
We are awarding the full cost of the new construction herein, without depreciation, for the reason it very likely would be impractical for the plaintiff to prove the value of the depreciation of the porch after seven years have elapsed since the date of the accident.
Accordingly, there is judgment herein in favor of plaintiff, Aetna Insurance Company, and against defendants, Kermit Williams and Edward Palao, in solido, in the sum of $715.00, plus legal interest from date of judicial demand until paid, and for all costs of trial court and this court.
Reversed and rendered.
REDMANN, J., concurs with written reasons.