BAILES, Judge.
This is an action in tort to recover damages allegedly inflicted on a bulkhead located on the north bank of the Intracoastal Canal in St. Mary Parish on July 29, 1974, when rammed by a barge being pushed by the tug ANNA C. The petition named Jebco Towing Company as the owner of the tug ANNA C., however, Devco Towing Company, Inc., answered the petition, stating that Jebco Towing Company was erroneously named the defendant instead of Devco Towing Company, Inc., sometimes hereinafter referred to simply as Devco.
Devco filed a third party petition against Sweetwater Towing, Inc., alleging that the ramming of the bulkhead was caused by the negligent operation of the tug CATAHOU-LA. Sweetwater Towing, Inc., answered the third party petition of Devco and also filed a third party action against Devco alleging that if Sweetwater is liable there should be judgment in favor of Sweetwater against Devco as Devco was contributorily negligent in the operation of the tug ANNA C. By supplemental and amending petition, plaintiff added Sweetwater Towing, Inc., as a party defendant alleging inter alia, that Devco and Sweetwater are joint tortfeasors and liable jointly and in solido unto plaintiffs for the damages to their bulkhead.
*127 After trial on the merits, the district court found that the bulkhead was rammed through the negligent operation of the tug ANNA C. and that Devco was solely liable for the damages. Plaintiffs were awarded $32,000, together with legal interest from date of judicial demand until paid. Plaintiffs’ demand against Sweetwater Towing, Inc., were rejected as were the third party demands of Devco Towing Company, Inc., against Sweetwater Towing, Inc.
Defendant Devco appealed suspensively and the plaintiffs appealed devolutively, to protect themselves in the event this court should reverse the judgment on a finding that Sweetwater alone was guilty of negligence proximately causing the plaintiffs’ damages.
The trial judge in his written reasons for judgment succinctly stated the pertinent facts on this accident which we quote as follows:
“On June 26,1974, the tug ANNA C. was travelling on the Intracoastal Canal in St. Mary Parish, in a westerly direction, pushing four loaded barges. As it was going down a straight stretch of the Intracoastal Canal in the vicinity of plaintiff’s (sic) property, it was travelling in the center of the canal. At this time, a vessel headed eastward was also approaching. The vessels signaled each other and both veered to their right side lane of travel. The ANNA C. and her pushed tow was heavily ladened, making about four miles per hour. As the captain of the ANNA C. attempted to return to the center of the canal, he experienced difficulty and could not turn his vessel or reverse it, even though he tried, in time to avoid hitting the plaintiff’s (sic) property and damaging a bulkhead located thereon.
“This Court finds no negligence on the part of the tug CATAHOULA and the captain of the ANNA C. even admits this in his deposition. This Court finds that the sole cause of the plaintiff’s (sic) damage resulted from the negligent manner in which the tug was handled and will award the plaintiff’s (sic) judgment in these proceedings.”
We find the record clearly supports the trial court’s finding of facts and we agree with its determination of liability.
The more serious question for consideration is that of damages. Immediately after the accident, plaintiffs obtained three estimates for the repair of the bulkhead. These bids were as follows:
Berry Bros. General Contractors, Inc. $32,000
Odom Construction Company, Inc. $22,500
C. S. Thorguson Company, Inc. $105 per linear foot X 110 feet $11,550
The only witness to testify for the plaintiffs was the representative of Berry Bros. General Contractors, Inc., a Mr. Robert Wadhams. He testified that his capacity with Berry Bros, was project and pile driving engineer, and that prior to estimating on the cost and submitting the bid he went to the property, examined and inspected the condition of the bulkhead.
In the letter of Berry Bros. General Contractors, Inc., Mr. Wadhams stated:
“It is my pleasure to quote you our price of $32,000.00 to repair 100 LF of bulkhead damaged when hit by a barge tow. “From my observations, 100 feet of bulkhead was damaged to such an extent that it will have to be pulled out and replaced. Damage consists of broken tie back cables, broken wales and sheeting pushed out.
“My price includes the following materials:
11 — 40' Cl. B face pile
12 — 30' Cl. B tie back pile
200— 3 X 12 X 24' bulkhead boards
10— 8 X 10 X 22'0" wales
10— 3 X 12 X 20'0" wales
1— Lot 1" cable & clips & nailes”
(Emphasis added by the court)
The bid of Odom Construction Company, Inc., is:
*128 “We propose to furnish labor, material, equipment and a supervision required to replace 100 linear ft of bulkhead for a
LUMPSUM .$22,500.00
“The bulkhead referred to above is located behind Braun Welding Company at Morgan City on the Intercoastal Waterway.”
(Emphasis added by the court).
The bid of C. S. Thorguson Co., Inc., states:
“We agree to furnish all labor, equipment and material necessary to remove and replace approximately 110 linear feet of bulkhead behind Braun Welding Service in Siracusaville damaged by the Tug “Anna C” for the sum of ONE HUNDRED FIVE DOLLARS PER LINEAR FOOT ($105.00/lin. ft.). The material to be used includes:
30 ft. outside piles
20 ft. tieback piles
4" X 12" walers
3" X 12" decking (approximately 40' is double sheeting.”
(Emphasis added by the court)
No representative of either Odom Construction Company or C. S. Thorguson Co. was called to explain the respective bids, to compare the three bids or to explain such widespread differences in these bids. Mr. Wadhams was not questioned about this. The only other witness to appear for the plaintiffs on the question of cost to correct the damage was Mr. Elmo Justilian who on November 9, 1976, worked for and submitted a bid to plaintiffs on behalf of Diamond Services. This bid is as follows:
“As per a phone conversation with Mrs. Siracusa, Diamond Services Corp. proposes to drive approximately 100' of bulkhead 3' X 12' X 16' using 50' pilings for the
Lump Sum Price of $36,286.38.”
On February 18, 1978, Mr. Justilian on behalf of Diamond Services submitted a bid for the identical work described in his previous bid in the sum of $47,862.71.
It was the testimony of Mr. Elmo Justili-an of which the trial judge stated he was impressed but rejected for the reason that the bid he submitted was higher than the bid by Mr. Wadhams on behalf of Berry Bros. The trial judge apparently did not consider nor call into question the two lower bids submitted to plaintiffs in 1974, as no mention is made of these bids in his reasons for judgment.
This court in the case of Davis v. Roberts, 194 So.2d 772 (1967), stated:
“In arriving at the amount of damages to property, our courts have in the past followed generally three approaches. The cost of restoration, if the thing damaged can be adequately repaired. Hayward v. Carraway, La.App., 180 So.2d 758; Lambert v. American Box Co., 144 La. 604, 81 So. 95, 3 A.L.R. 612. The difference in value prior to the damage and the value following the damage. Maryland Casualty Co. v. Rittiner, La.App., 133 So.2d 172. If the value before and after the damage cannot be reasonably determined or if the cost of repairs exceed the value of the thing damaged, the measure of damages to the owner has been the cost of replacement new, less reasonable depreciation. Palmetto Moss Factory v. Texas & P. Ry. Co., 145 La. 555, 82 So. 700; Reisz v. Kansas City Southern R. Co., 148 La. 929, 88 So. 120; Gray v. Security Storage & Van Co., La.App., 26 So.2d 399.”
The evidence shows the entire length of the bulkhead to be 195 feet of which either 100 or 110 feet were damaged in the collision. As there was a partial destruction of the bulkhead the plaintiffs are entitled to the fair cost of repair.
By comparing the three bids submitted for the repairs it is obvious that the trial court was convinced that the Berry Bros, bid more adequately covered the damages incurred which justified its acceptance of the higher bid. We find no abuse of its broad discretion.
While the plaintiffs contend they are entitled to an award of damages in an amount equal to present costs of correction, the trial court correctly determined that damages are to be awarded on the 1974 cost to correct and not the present-day cost. There is no evidence in the record to ex *129 plain the delay of the repairs. Absent a showing that the delay in repair is attributable to the appellant or through no fault of the plaintiffs the cost to correct must be determined as of the time the damage was incurred.
Accordingly, for the foregoing reasons the judgment appealed is affirmed at appellant’s cost.
AFFIRMED.