TALIAFERRO, Judge.
The automobiles of plaintiff and J. A. Holman collided the afternoon of June 7, 1949, on the highway between Sarepta and Cotton Valley, in Webster Parish, Louisiana, and this suit by plaintiff to recover the value of his car is one of the results.
Plaintiff, driving his own car, a 1939 Plymouth Coupe, was going southerly. The Holman car, a Studebaker, being driven by Mrs. Holman, was traveling •northerly.
The suit is against both husband and wife on the theory that Mrs. Holman was, at the time of the accident, on a mission for her husband or for the benefit of the community of acquets and gains between them.
Plaintiff alleged that he was driving his car at a moderate rate of speed, on his side of the highway, when he observed the other car coming .from over a hill at an excessive rate of speed; that the driver, for some reason, lost control of the car, zigzagged across the highway and violently collided with the coupe when, at the time, its right wheels were well on 'the shoulder of the road where it had been driven in an effort to avoid the impending collision. '
Defendants resist the suit on the ground that the accident occurred solely from plaintiff’s negligence. They aver that when Mrs. Holman’s car came from over the hill she observed plaintiff’s car approaching with left wheels at least two feet east of the center line of the road; that she sounded the horn loudly twice without effect upon plaintiff; that she then applied the brakes and because the surface of the highway (black-top) was very slippery from rain that afternoon, the car skidded and collided with the coupe, then partially on her side of the medial line. Plaintiff’s action in occupying a portion of her side of the highway and not returning to his side thereof, after the horn was sounded, defendants charge to have been the cause of the accident.
Defendant J. A. Plolman reconvened and sued plaintiff for the expense bill incurred in repairing his "car.
There was judgment for plaintiff for $625.00. Defendants appealed. Plaintiff’s answer to the appeal asks for increase in the award to the amount sued for.
In original answer, the defendants did not plead plaintiff’s contributory negligence as a defense to the suit, but when the case was called for trial an amended petition embodying such a plea was tendered by them for filing, to which plaintiff’s counsel objected on the ground that it changed the issues and came too late. The objection was sustained. The tendered amendment is in the record as part of a special bill of exceptions. Error in the ruling is complained of and argued here.
Whether the ruling be correct or not, as we view the record, is immaterial to the final result in the case. The accident happened either as alleged by plaintiff or as *376 alleged by the defendants. No objection whatever was offered to any of the testimonial proof. All facts were fully developed. They negative the suggestion that plaintiff was negligent to any extent.
The decided preponderence of the testimony supports plaintiff’s version of the accident. He and R. A. Smith, who was riding with him, testified that his car was being driven on its proper side of the road and at a lawful speed when Mrs. Holman came into sight at a rapid speed from behind a rise in the highway, between three hundred and four hundred feet away; that evidently she undertook to reduce her speed through application of the brakes, as the car began to zigzag over the road, first to the left, then to its right, and on its second swerve to the left it rammed plaintiff's car at the time partly on the gravel shoulder of the highway, and moving slowly-
The left front fender of defendants’ car struck the coupe near the forward side of the left door. It proceeded a few feet sidewise, turned over, and rested in the ditch with all four wheels up in the air. It was so 'badly wrecked and damaged as to remove it from hope of repair.
There is other testimony in the record to corroborate the. contention that plaintiff’s car was partly on the shoulder when struck.
Mrs. Holman’s testimony tracks the facts of the defense urged herein. She is positive that she sounded her car’s horn after discovering plaintiff’s car astride the medial line and that there was no response thereto. Plaintiff and Smith are sure the horn was not sounded as they did not hear it.
Defendants also rely upon the presence of glass and chrome about the center of the road to support the charge that plaintiff was across the center line. This came from her car. The location of these fragments has little probative weight as the glass, etc., flew wide at moment of the impact. In addition, had the coupe been astride the line when the collision occurred, as contended, the glass and chrome would have been farther east of the line than defendants’ witness says they were.
Loss of control of a motor vehicle, due to surface conditions of the highway, is not invariably evidence of negligence; but when caused by sudden application of the brakes, when circumstances do not require that action, negligence will be imputed. Mrs. Holman admits the slippery road surface conditions and that immediately after sighting the plaintiff’s car, then quite a distance away, she applied the brakes. Even though the coupe had been astride the medial line at that instant, this fact would not have, under the circumstances, justified the forceful application of the brakes. All motorists know the antics a car will usually perform on a slippery black top road when the brakes are suddenly and forcefully applied.
The conclusion reasonably arises that Mrs. Holman, on seeing the coupe approaching (and we believe on its proper side of the road) did what most motorists would have done, viz: tried to reduce her speed, but due to too much force on the brakes or lack of equal strength in them, the car zigzagged and the accident followed.
The more serious contest revolves around the question of damages. The award consists of two elements, viz: $25.-00 for hauling the coupe to the City of Shreveport, fifty miles or more distant, and the value of the coupe at time of the accident. It is not seriously questioned that it would have been unwise to have attempted its repair. For all practical purposes it was totally destroyed.
Plaintiff paid $2.50 to have the coupe removed a short distance from the locus of the accident to a farmer’s premises not far away, where it remained for a night. Plaintiff transported it next day in his own truck to Shreveport. The record is wholly barren of evidence as regards a reasonable charge for this trip. No e'ffort was made to prove a fair compensation for it.' Plaintiff obviously fixes it at $22.50, but we are not warranted to .accept his bare allegation as proof of the value of the trip.
The coupe was bought new in 1939 for an amount something less than $1,000.- *377 00. Without repairs and replacements it would not have had a cash value, when destroyed, equal to more than one-fourth of this amount. Plaintiff testified, and he is to no extent contradicted, that three months prior to the accident he spent over $800.00 to have the coupe completely overhauled. It was provided with new upholstering, motor, other major parts, and was repainted. Since these repairs, etc., it had been driven 5,000 miles. Used car dealers were of the opinion that its value when destroyed was not in excess of $400.00. The trial judge likely tried to strike a fair average of value as between plaintiff’s opinion and that of these dealers, taking into account the amount expended for repairs, etc. Used car dealers are ultra conservative in their estimate of the value of used cars when put on the market. They take no chances. All things considered, we are not prepared to disagree with the value fixed by the lower court.
For the reasons herein assigned, the judgment from which appealed is amended by reducing the amount therof to Six Hundred Two and 50/100 ($602.50) Dollars, and, as thus amended, it is affirmed. Appellee is cast for costs of appeal. All other costs shall be paid by the appellants.