HOOD, Judge.
The American Insurance Company instituted this action to recover the loss which it sustained when an automobile owned by C. H. Boehmer Sales Agency was demolished in an accident which occurred on August 18, 1965. Plaintiff, as the collision insurer of that automobile, paid the insured a sum of money in settlement of its obligation under the policy, and it has been sub-rogated to the rights of the insured to recover that loss. The defendants in this suit are Ernest Richard, Mrs. Felicia A. Richard and Southern Farm Casualty Insurance Company. Judgment on the merits was rendered by the trial court in favor of plaintiff and against the defendants, in so-lido, for the sum of $1900.00. Defendants have appealed.
This suit was consolidated for the purpose of trial and appeal with three other cases, all of which arose out of the same accident. We are deciding each of these consolidated cases on this date. See Richard et al. v. Southern Farm Bureau Casualty Insurance Company et al., La.App., 212 So.2d 471; Richard et al. v. American Insurance Company et al., La.App., 212 So.2d 483; Richard v. American Insurance Company et al., 212 So.2d 484.
For the reasons which we assigned in the companion case of Richard et al. v. Southern Farm Bureau Casualty Insurance Company, supra, we find that the sole proximate cause of the accident was the negligence of Mrs. Felicia A. Richard in failing to yield the right of way to the driver of the Boehmer automobile, and that defendants thus are liable, in solido, to plaintiff for the loss which the latter sustained as a result of that accident.
The Boehmer vehicle was a 1961 Mercedes Benz sedan, equipped with air conditioning, radio, heater and leather interior. It was in excellent mechanical condition immediately prior to the time the accident occurred. It was damaged beyond repair as a result of the accident. Richard H. Boehmer, the driver, estimated that the car had a value of $2,000.00 at the time of the collision. The NADA Official Used Car Guide Book listed its retail value as being $1835.00. The trial judge, accepting the estimate made by Boehmer, found the value of the car before the accident to be $2,000.00. The insurance policy issued by plaintiff covering this car provided for collision insurance with $100.00 being deductible. The trial judge deducted this amount from the value of the car and rendered judgment awarding plaintiff the remaining balance of $1,900.00.
Where there is considerable variance in the estimated damages which render calculation thereof difficult, much discretion is accorded the trier of fact in determining the amount of the award. Davis v. Roberts, 194 So.2d 772 (La.App. 1st Cir.1967).
In the instant suit we recognize the fact that the mechanical condition of the car and the equipment which was on it may have some effect on its value, and it may cause the car to be worth more or less than the value listed in the NADA Guide Book. We cannot say, therefore, that the trial judge erred in accepting Boehmer’s estimate as to the value of the car in preference to the value listed in the Guide Book, and thus we will not disturb his finding that the vehicle was worth $2,000.-00 before the accident.
*483 The trial judge correctly deducted $100.00 from the value of the car, as provided in the policy, but we think he erred in failing to deduct also the salvage value of the wrecked automobile. The salvage value was shown to be $200.00. The record also shows that plaintiff paid the additional sum of $82.40 as storage and wrecker charges for the Boehmer car after the accident, and it is entitled to recover that amount. According to our figures, plaintiff is entitled to recover $1782.40 instead of the amount awarded by the trial court.
For the reasons herein assigned, the judgment appealed from in the instant suit is amended by reducing the amount of the award from $1,900.00 to the sum of $1,-782.40. In all other respects the judgment is affirmed. The costs of this appeal are assessed to defendants-appellants.
Amended and affirmed.
On Application for Rehearing.
En Banc. Rehearing denied.