GARRISON, Judge.
This appeal arises from a vehicular collision which occurred on December 9,1978, at the intersection of North Galvez and Desire Streets in New Orleans, between a New Orleans Public Service, Inc. (NOPSI) bus and an automobile driven by Avery Usand. Usand filed suit for personal injuries and property damage sustained as a result of the collision. In another suit fare-paying passengers on the bus, Marie Foster and Newton Foster on his own behalf and for their minor child Vicki, sued Avery Usand, his insurer, Travelers Insurance Company, NOPSI and the bus operator, Mary T. Simmons, for injuries the Fosters sustained in the collision.
The cases were consolidated for trial, and after hearing the evidence and judging the credibility of the witnesses the trial judge held that the accident was due solely to the negligence of the bus driver, and rendered judgment in favor of the various plaintiffs and against NOPSI.[1]
NOPSI has appealed the trial court’s finding of liability, as well as the measure of damages awarded to plaintiff Usand.
LIABILITY
Appellant NOPSI contends that the trial judge erred in finding that the bus operator was negligent in running a red light and additionally that the plaintiff Usand was not negligent.
 Our review of the record reveals the following facts. On December 9, 1978, the NOPSI bus was being driven by Mary T. Simmons in a northerly direction on Desire Street, and the Usand vehicle was traveling west on Galvez Street. The intersection of Desire and Galvez is controlled by a semaphore traffic light. The driver brought the bus to a stop at the corner of Desire and Galvez to pick up three passengers, and as the Usand vehicle entered the intersection from Galvez Street, the bus pulled away from the corner and entered the intersection, running a red light and striking the Usand vehicle from the left and driving it into the curb on the far side of the street. The Usand automobile then struck a second automobile driven by Jack Augustine, in which his brother, Joseph Augustine, was a passenger. The Augustine vehicle had been traveling in the opposite direction on Galvez Street before it was struck.
With the exception of the bus driver, every witness who saw the lights at the intersection testified at trial that at the time of the collision the Galvez Street traffic had a green light and that the bus entered the intersection on a red light and struck Usand’s automobile. Those witnesses included one of the bus passengers, Vicki Foster, Mr. Usand, and Joseph and Jack Augustine. The trial judge evidently believed this testimony over that of the bus driver, and concluded:
“The issue of liability in this case is dictated by a determination of the facts as they were presented to this Court by *260 the several witnesses. Every witness, who was in a position to observe the traffic signal in this intersectional collision, except the operator of the New Orleans Public Service bus, declared that the bus failed to heed a red light facing traffic on Desire Street, immediately pri- or to and at the moment of impact. This Court listened carefully to the testimony of the two (independent) eyewitnesses called by the plaintiffs and this Court concludes that they were motivated only by their desire to be impartial and to assist the Court in arriving at truth. This Court concludes that the sole and only cause of this accident was the failure of the bus operator to remain stationary until the traffic signal changed from red to green.”
Based on the evidence, we do not find the trial judge’s factual conclusions to be manifestly erroneous under the standards of Arceneaux v. Domingue, 365 So.2d 1330 (La.1979). Therefore, we affirm the trial court’s findings of liability.
QUANTUM
Appellant has raised the issue of damages only as to the amount of property damage sustained by plaintiff Avery Usand. The trial judge awarded Mr. Usand $1600.00 for the loss of his automobile, a 1968 Oldsmobile Cutlass.. He based that award on a calculation of $2000.00 as its fair market value, less a salvage value of $400.00.[2]
With regard to the value of the vehicle, Robert Fine, an expert automobile damage appraiser, testified that repairs to the vehicle would easily exceed $2000.00, which was probably more than the car was worth, and that he had therefore declared the car a total loss. He was unable to refer to a specific National Automobile Dealers Association “blue book” value, he stated, because the book did not include models produced earlier than 1974.
The plaintiff, however, apparently convinced the trial judge that the automobile was unique. He stated that since purchasing the car he had virtually rebuilt it from scratch in order to enter it in the “World of Wheels” Auto Show held in New Orleans in January 1979. The plaintiff explained that among other things, he had stripped the car down to the metal, fixed all dents and chips, put on new bumpers and a tilted steering wheel, and completely rebuilt the transmission and replaced the motor.
Courts of this state have in the past taken into account values of a car which do not correspond with the “blue book” value or with other customary methods of estimating market value. In American Insurance Co. v. Richard, 212 So.2d 481 (La.App. 3d Cr.1968), writ ref. 252 La. 949, 215 So.2d 125, the court held that the actual value of the 1961 Mercedez-Benz sedan that was destroyed in an accident was $2000.00 rather than the book value of $1,835.00, recognizing “the fact that the mechanical condition of the car and the equipment which was on it may have some effect on its value, and it may cause the car to be worth more or less than the value listed in the N.A.D.A. Guidebook.”
In a similar case, Simmons v. Holman, 45 So.2d 374 (La.App. 2nd Cr.1950), the court awarded a value less salvage of $600.00 for a vehicle whose approximate market value at the time of the accident was between $250.00 and $400.00, but where the plaintiff had spent over $800.00 overhauling the vehicle shortly before the accident, installing new upholstery, a new motor and other major parts.
Based upon the above jurisprudence, we cannot say that the trial judge erred in accepting the testimony of the owner and finding that the automobile in question was “unique”; we will therefore not disturb the award of $1600.00 for damage to Mr. Usand’s car.
*261 Accordingly, the judgment of the trial court is in all respects affirmed.
AFFIRMED.

. Usand and Travelers Insurance Company were dismissed as defendants in the suit by the Fosters.

. The Louisiana Supreme Court set forth this formula in Coleman v. Victor, 326 So.2d 344 (La.1976), wherein it declared that if property is totally destroyed, then the plaintiff should be awarded the value of the property prior to the accident, less any salvage value.