BARNETTE, Judge.
This is an appeal of a judgment in the amount of $21,751.33 in favor of the plaintiff, appellee, for damage to a brick building owned by him in the City of Pontcha-toula. The defendant, appellant, has conceded liability from the beginning and the only issue is the quantum of damage. The plaintiff, appellee has not answered the appeal and is not seeking an increase. At the time of the accident the building was only partially utilized and there is no issue of consequential damage. The only issue is whether the judgment is excessive, and if so, what would be just compensation for the damage sustained. The damage occurred on October 17, 1970. The case did not come to trial until January 29, 1975. The District Court judgment was rendered and signed on April 14, 1975. Timely sus-pensive appeal was taken to this court.
A truck insured by defendant, Consolidated Underwriters, was negligently driven into a brick column supporting the roof projecting out from the main structure of plaintiff’s commercial building which originally was used to house an automobile garage, parts and sales agency. The overhanging roof supported by several brick columns provided a drivein area for servicing automobiles.
When the truck struck one of the columns, knocking it down, a major portion of the roof collapsed causing one or more other columns to fall and doing heavy damage to the front of plaintiff Edwards’ building. As stated above, the defendant and its insured have never denied their liability for the damage to the building.
Photographs were filed in evidence showing extensive damage, and giving a good indication of the appearance of the Edwards building before the damage. Other photographs depict the building after repair and reconstruction .of the front portion showing an entirely different type of construction with a marked change of appearance.
*566 The only witnesses called to testify were Sam Mannino, who represented the contractor, Ragusa Brothers, Inc., who repaired the building, and Leon Edwards, the owner. Mr. Mannino qualified as an expert in building construction and appraisal of damage.
The. substance of the testimony is that Ragusa Brothers, Inc., was engaged to make immediate temporary repairs to shore up the remaining overhead structure to prevent further damage and possible injury. Mr. Mannino made an estimate of cost of $21,751.33 for restoration of the building to its former condition in structure and architectural design. This estimate took into account the use of such old material as could be salvaged economically.
The building was not restored to its original condition but was reconstructed by tearing away completely the damaged front section and covering the front wall of the principal building structure with a metal facia. To this was anchored an aluminum canopy which projected out from the main structure with no supporting columns.
The total cost to plaintiff for this reconstruction was $9,014.95. While this repair and reconstruction was underway, Mr. Edwards had the contractor to do some remod-elling of the interior of the building to accommodate a trade school for which purpose it had been leased. This additional construction cost was approximately $10,000 and should not be confused with the issue in this case.
Neither of the witnesses could testify as to the age of the building. Obviously it is many years old and defendant’s counsel has somehow arrived at an estimate of 40 years. There is no evidence to support this estimate, but it does not appear to be unreasonable. We do not know the age of the building and will not attempt an estimate. It was many years old.
There is no testimony that the building possessed any unique features or value from an historical or architectural viewpoint. As reconstructed, it appears to be a reasonably attractive modern building of functional design.
The trial judge assessed the damage at the exact figure submitted by Mr. Mannino as his estimate of cost to restore the structure to its prior condition. No allowance was made for depreciation of the old structure. Furthermore, it is significant we think, that the owner chose not to have the damaged portion of his building restored to its prior condition. There is no evidence in the record, and apparently no attempt was made, to show whether the repaired building with its change of design and material was of greater or less value than it was before the accident.
Assuming that after its repair and change in physical design, function and appearance it was of equal value to that before the damage, then the owner has been made whole again in the manner which he elected at his option. To then grant him recovery of further compensation of $12,736.38 (the difference between the estimate of cost of $21,751.33 and that actually incurred, $9,014.95) would be an unjust enrichment.
Assuming that after reconstruction with the changes in design and material it is of less value than it was before being damaged, the just measure of damage would be the actual cost of repair plus the depreciation in value.
If the after reconstruction value is greater than the before damage value, the defendant cannot complain for it has been able to fully compensate the owner for less than it could have done if the owner had elected to have his building restored to its exact former condition. The option rests with the owner to elect the type of reconstruction, but he will not be permitted to enrich himself unjustly in doing so. He is entitled to be made whole, but no more.
Several cases in our jurisprudence have dealt with the problem of assessing *567 damages in situations similar to that presently before us. In arriving at the amount of damages to property, our courts have in the past followed generally three approaches.
1. The cost of restoration, if the thing damaged can be adequately repaired.
2. The difference in value prior to the damage and the value following the damage.
3. If the value before and after the damage cannot be reasonably determined or if the cost of repairs exceed the value of the thing damaged, the measure of damages to the owner has been the cost of replacement new, less reasonable depreciation.
Peak v. Cantey, 302 So.2d 335 (La.App. 1st Cir. 1974); Aetna Insurance Company v. Palao, 263 So.2d 394 (La.App. 4th Cir. 1972); Granger v. Bouillion, 220 So.2d 764 (La.App. 1st Cir. 1969); Davis v. Roberts, 194 So.2d 772 (La.App. 1st Cir. 1967) and cases there cited.
The first approach would be applied if there had been an actual restoration, but that is not the case here because the owner has elected not to have his building restored to its former condition, but rather, according to substantial change in design and material.
If it were possible to do so upon the record before us on this appeal, we would apply the second approach to which we would add a clause to make that approach read as follows:
The difference in value prior to the damage and the value following the damage and restoration when the owner has elected to have the building restored according to significantly altered design and specifications.
The total absence of testimony as to value before and after damage and restoration precludes the application of this formula.
If the before and after value cannot reasonably be determined, we would resort to the application of the third approach. We do not know from the record before us whether the before and after value can or cannot reasonably be determined. There is no evidence whatever in the record on this question.
Under Article 2164 of the Code of Civil Procedure we should render judgment which we find to be just, legal and proper upon the record before us on this appeal. We do not think the judgment of the trial court is just, legal and proper, but we are unable to determine the proper final judgment from the record before us.
We have indicated above the factors which we think should be considered before attempting an application of either of the accepted approaches, particularly numbers 2 and 3. Until further testimony is taken to determine the before and after value of the building or that determination of that question cannot reasonably be made, a just decision is impossible. Furthermore, if the court finally comes to an application of the approach number 3, it would be of great benefit to have testimony touching upon the question of depreciation due to the age of the building.
The defendant has acknowledged liability to the extent of $5,437.88 and has deposited this amount in the registry of the court for disbursement to the plaintiff. This amount will not justly compensate for the damage for in any event the plaintiff is entitled to judgment in the minimum sum of $9,014.-95. To this amount should be added the additional sum representing the depreciation in value, if any, resulting from the altered reconstruction of the building. For the reasons stated above, namely the total absence of testimony on this question, we are unable from the record before us to determine that additional amount to which plaintiff may be entitled.
We will exercise our discretion under Article 2164 of the Code of Civil Procedure, to render the judgment which we think will more nearly be just, legal and proper upon the record before us. Accordingly, *568 we will amend the judgment rendered by reducing it to $9,014.95 and will remand the case for further trial limited to the issue of depreciation in value of plaintiff’s building.
The judgment appealed is amended by reducing the award in favor of plaintiff, Leon Edwards, and against Consolidated Underwriters from $21,751.33 to $9,014.95 and reserving to plaintiff, Leon Edwards, the right to further proceed in this cause for recovery of such additional amount as may be found due for depreciation of the building in question, if any, as a result of the altered restoration, and for this limited purpose the case is remanded to the trial court for further proceedings consistent with the views herein expressed.
The appellee is cast for the costs of this appeal, all costs incurred at the trial level to date shall be paid by defendant, Consolidated Underwriters. All future costs shall be assessed in accordance with final judgment rendered.

Amended and affirmed in part and remanded for further proceedings.