SAVOY, Judge.
This is an action in tort filed by plaintiffs against Industrial Armature, Inc. and its insurer, Employers Liability Assurance Corporation, Ltd. After a trial on the merits judgment was rendered in favor of plaintiffs and against defendants. Defendants appealed. Plaintiffs answered the appeal, asking for an increase in the award.
Plaintiffs had employed Industrial to demolish certain equipment located in its ice plant used in making ice for commercial use. Plaintiffs were phasing out of the wholesale business at this location and were planning on continuing to retain only its retail operation. They were planning to remodel the building after the equipment had been dismantled. In order to dismantle some of the pipes Industrial found it necessary to use acetylene cutting torches. These torches caused sparks to ignite fires on the floor of the building which contained sawdust and rice hulls.
On the afternoon prior to the morning on which the building had been destroyed by fire, namely, September 10, 1969, Industrial had been working on pipes in the building and had used acetylene torches in order to cut the pipes in the building in order to dismantle same. There were several fires on the afternoon prior to the major fire due to the use of the torch or torches. Early the next morning a fire occurred in plaintiffs’ building destroying it and its contents on September 11, 1969.
In brief and oral argument defendants contend that the fire was put out by one of its employees, Mr. Eddie Pickett; that he made an inspection of the premises about 2:30 P.M. on the afternoon prior to the fire, and that all fires had been extinguished at the time he left the premises. It is the contention of defendants that there was no causal connection between the small fires caused by the torch and the destruction the next morning of the building.
Our State Supreme Court has laid down the guideline in this type of case.
In Naquin v. Marquette Casualty Company, 244 La. 569, 153 So.2d 395, our Supreme Court stated:
“In the recent case of Perkins v. Texas & New Orleans Railroad Company, 243 La. 829, 147 So.2d 646, we stated:
“ ‘Recognizing that the fact of causation is not susceptible of proof to a mathe *341 matical certainty, the law requires only that the evidence show that it was more probable than not that the harm was caused by the tortious conduct of the defendant.’
“Causation may, of course, be proved by circumstantial evidence. In many instances, it can be proved only by such evidence. Taken as a whole, circumstantial evidence must exclude other reasonable hypotheses with a fair amount of certainty. This does not mean, however, that it must negate all other possible causes. Otherwise, the mere identification by the record of another possibility, although not shown to be causally active, would break the chain of causation.” (Emphasis theirs.)
Mr. Jack Reynolds, City Fire Inspector, testified for plaintiffs and stated that there was a better than 50% chance that the fire had been caused by the torches’ sparks, taking into consideration that there were combustible materials on the floor of the building, namely sawdust and rice hulls.
We are of the opinion that there is enough circumstantial evidence to make out a prima facie case for plaintiffs, and accordingly, we find it was more probable than not that the cause of the fire was the sparks from the fire which caused the sawdust and rice hulls to slowly ignite and cause the fire.
We next consider the question of quantum.
In Davis v. Roberts, 194 So.2d 772 (La.App. 1 Cir. 1967), the court said:
“In arriving at the amount of damages to property, our courts have in the past followed generally three approaches. The cost of restoration, if the thing damaged can be adequately repaired. * * *. The difference in value prior to the damage and the value following the damage. * * * If the value before and after the damage cannot be reasonably determined or if the cost of repairs exceed the value of the thing damaged, the measure of damages to the owner has been the cost of replacement new, less reasonable depreciation. * * (Citations omitted.)
The trial judge used the second approach in arriving at the damages. He awarded $21,000.00, which was the original cost to plaintiffs when they purchased the building in 1947, plus assumption of notes, the amount of which they could not determine. While it is true that the building had depreciated from 1947 to 1969, it is likewise true that we have had a severe inflation during that period which has greatly eroded the value of the dollar in 1969 as compared to 1947. Accordingly, we will not disturb the finding of the trial court as to quantum. The other items making the total judgment have been stipulated between the parties.
For the reasons assigned the judgment of the district court is affirmed at appellants’ cost.
Affirmed.