348 So.2d 104 (1977)
Antoinette Jacob, widow of Joseph Icar HYMEL
v.
TOM ALEXANDER BROKERAGE COMPANY et al.
No. 8161.
Court of Appeal of Louisiana, Fourth Circuit.
June 7, 1977.
Rehearing Denied August 1, 1977.
Writ Refused October 13, 1977.
*105 Rene A. Pastorek, Gretna, for plaintiff-appellee.
Bienvenu, Foster, Ryan & O'Bannon, Robert N. Ryan, New Orleans, for defendants-appellants.
Before SAMUEL, STOULIG and MORIAL, JJ.
MORIAL, Judge.
This suit arose out of an accident which occurred on October 19, 1975 when a tractor-trailer truck, operated by George J. Willis, an employee of Tom Alexander Brokerage Company and insured by Empire Fire and Marine Insurance Company, left the roadway of Highway 51 near LaPlace, Louisiana and struck the residence of Mrs. Antoinette Hymel causing extensive damage to the home. Defendant Empire Fire and Marine, the insurer, stipulated to liability and the case was tried on the issue of quantum alone. Defendants George Willis and Tom Alexander Brokerage Company were dismissed from the suit without prejudice. The trial judge rendered judgment in favor of plaintiff in the amount of $36,752.35. In his reasons for judgment he stated that he relied on plaintiff's post trial memorandum in awarding plaintiff $31,752.35 in property damages. The trial court also awarded plaintiff $5,000.00 as damages for mental anguish. Defendant has appealed on the question of damages.
Defendant contends that the trial court erred in awarding plaintiff $31,752.35 in property damages. Defendant also argues that plaintiff is not entitled to recover damages for mental anguish and in the alternative that the amount of damages for mental anguish is excessive.

PROPERTY DAMAGES
The test for determining the damages due in cases such as this one is set out in Davis v. Roberts, 194 So.2d 772, 774 (La.App. 1 Cir. 1967).
"In arriving at the amount of damages to property, our courts have in the past followed generally three approaches. The cost of restoration, if the thing damaged can be adequately repaired. * * * The difference in value prior to the damage and the value following the damage. * * * If the value before and after the damage cannot be reasonably determined or if the cost of repairs exceed the value of the thing damaged, the measure of damages to the owner has been the cost of replacement new, less reasonable depreciation. * * *." (citations omitted)
There was no evidence presented at the trial to substantiate the value of the house prior to the damage and its value following the accident. Therefore, we may eliminate the second method of valuation suggested in Davis, supra. Accordingly, we must determine whether or not plaintiff is entitled to recover the cost of repairing her home or the cost of replacing it new less reasonable depreciation.
Four contractors inspected the damage to the Hymel home and provided estimates as to the cost of repairing or replacing the building.
Plaintiff introduced the testimony of two contractors from the LaPlace area, Mr. Edward Rome and Mr. Dewey Johnson. Mr. Johnson testified that he could repair the home for $27,350.00. Mr. Rome estimated that he could repair the house for $27,200.00. Both believed that the house was a total loss and that it would cost less to rebuild the house new than to repair it. They agreed that the house could be rebuilt for $20.00 per square foot or $26,520.00. The defendants' contractors believed that it would cost less to repair the house than to rebuild it. Mr. Karl James estimated that the house could be repaired for $16,744.68 and rebuilt for $15.00 per square foot or $19,890.00. Mr. Robert Beck testified that he could repair the home for $18,466.14 and rebuild it for $14.54 per square foot or $19,279.68.
*106 The trial judge apparently believed that the estimates given by the contractors testifying on the plaintiff's behalf were more credible and realistic. He accepted them in making the award. In matters where there is considerable variance in the estimated damages which render calculation thereof difficult much discretion is accorded to the trier of fact. See Davis v. Roberts, supra. However, once the trial judge accepted the opinion of the contractors that the cost of repairs would exceed the cost of rebuilding the home, he was bound under the above cited jurisprudential rule to award plaintiff the cost of replacing the home new ($26,520.00) less reasonable depreciation. We are compelled to remand the case in order to have evidence presented as to a reasonable rate of depreciation to be employed in determining the award.

DAMAGES FOR MENTAL ANGUISH
Mrs. Hymel, who was seventy-eight years old at the time, was in her bedroom on the morning of the accident when she heard a loud noise and was thrown against a door injuring her right arm. She was treated by a Dr. S. J. St. Martin for a large contusion and swelling of her right forearm. Plaintiff complained of pain for two or three weeks. Plaintiff had lived in her home for forty-six years. Following the accident she lived with her son in his home on the back portion of the tract of land on which her house stood. Plaintiff's daughter-in-law testified that prior to the accident she was well, cheerful and very active in her garden. After the accident she became very depressed, cried often about her home and was very disoriented. At times she forgot about the accident and wished to return to her own house. A neighbor testified that she began acting strangely. When her condition did not improve after three or four weeks, plaintiff's daughter-in-law took her to see Dr. Remy Gross.
Dr. Gross testified that he saw plaintiff on November 14, 1975 and found her to be in a very depressed state. He said she was crying and emotionally upset over the future of her home and where she would live. He was of the opinion that she had suffered a depressive psychosis and prescribed an anti-depressant, Tofravil. The doctor felt that if she did not respond to the treatment that she should be placed under psychiatric care. However, her family did not seek psychiatric help because Mrs. Hymel became very distraught when it was suggested and begged them not to take her to a psychiatrist.
Damages for mental anguish are allowed to persons who are present or nearby when the accident causing the damage occurred and experienced a real psychic trauma in the nature of or similar to a physical injury as a result of the incident. Fontenot v. Magnolia Petroleum Company, 227 La. 866, 80 So.2d 845 (1955); Farr v. Johnson, 308 So.2d 884 (La.App. 2 Cir. 1975); Cooper v. Christensen, 212 So.2d 154 (La.App. 4 Cir. 1968); Holmes v. Le Cour Corporation, 99 So.2d 467 (La.App. Orleans 1958). Plaintiff was present in the house and suffered a physical injury as well as a great deal of emotional distress as a result of the accident. We find that she is entitled to recover damages for mental anguish. Although we find that the award for mental anguish is rather high, the trial judge has wide discretion in awarding damages and we do not find an abuse of his discretion on his part.
For the reasons assigned, that part of the judgment appealed from which awards $31,752.35 in property damages is annulled and set aside and the matter is remanded to the trial court solely for the purposes of making an award for property damages in accordance with the views expressed in this opinion. In all other respects the judgment is affirmed. All court costs to date are to be paid by the appellants. Trial court costs on remand are to await a final determination in that court.
AFFIRMED IN PART, SET ASIDE AND ANNULLED IN PART, AND REMANDED IN PART.