384 So.2d 525 (1980)
Malroy O. MAYER and Mattie Lou Mayer, Plaintiffs-Appellees,
v.
McNAIR TRANSPORT, INC., Benjamin R. Martin, and Excalibur Insurance Company, Defendants-Appellants.
No. 14149.
Court of Appeal of Louisiana, Second Circuit.
May 6, 1980.
Rehearing Denied June 12, 1980.
*526 Theus, Grisham, Davis & Leigh by Brian E. Crawford, Monroe, for defendants-appellants.
Hudson, Potts & Bernstein by B. G. Iverson, Monroe, for plaintiffs-appellees.
Before PRICE, HALL, MARVIN, JJ.
En Banc. Rehearing Denied June 12, 1980.
PRICE, Judge.
Plaintiffs filed suit for damages resulting from the destruction of their home by fire when a large transport vehicle owned and operated by defendant, McNair, overturned and spilled its flammable gas contents. Although liability was admitted, defendants appeal the lower court's award of damages. We affirm.
At the time of the accident plaintiffs, Mr. and Mrs. Mayer, were 68 and 70 years old respectively. They had purchased their two story home in 1949 when the neighborhood in which it was located was primarily a residential area not far from the Monroe business district. During the time the couple owned the home, the character of the neighborhood changed from substantially residential to substantially commercial. This change in the character of the neighborhood was accentuated in the mid 1960's with the construction of I-20 near the Mayer home, with an exit ramp from this elevated highway emptying onto Jackson Street just north of and across the street from the residence.
Despite the gradual decline of the neighborhood, Mr. Mayer, who was a carpenter by profession, spent considerable time and money maintaining and improving the property. Between 1971 and 1975, he spent approximately $25,000 and substantial labor remodeling and at the time of the accident had begun another major remodeling project to convert the home to a fourplex apartment building in order to supplement their income.
When the accident occurred Mr. and Mrs. Mayer were in the kitchen preparing breakfast. Immediately after the initial impact, the home was engulfed in flames. After seeing the flames Mrs. Mayer experienced a severe state of shock and had to be taken to a neighbor's home by her husband and was unable to assist him in efforts to save some of their belongings.
Defendants conceded liability and damages for the lost contents of the home were stipulated. A trial before a jury was held regarding damages for the destruction of the home and the mental anguish suffered by Mrs. Mayer. The jury awarded the couple $93,000 for the loss of their home and $18,500 to Mrs. Mayer for her mental anguish. Defendants appeal contending both awards are excessive.
The expert witness called by plaintiffs estimated the market value of the home at the time of the accident to be $57,000. He also testified that another proper method of valuation would be replacement costs less depreciation. Using this method, he estimated a replacement cost of $45 per square foot and reached a total replacement cost of approximately $240,000 which he depreciated by 50% to reach a value of approximately $120,000.
Defendants' expert estimated the market value of the home to be approximately $28,000. Using the replacement cost less depreciation method, he estimated a replacement cost of $35 per square foot, reaching a total replacement cost of $187,000 which he depreciated by 84% to reach a value of approximately $30,000.
Regarding this question of damages, the court gave the jury the following instructions:
In arriving at the amount of damages to property, our courts have in the past followed three approaches: (1) the cost of restoration, if the thing damaged can be adequately repaired; (2) the difference in value prior to the damage and the value following the damage; (3) if the value before and after the damage cannot be *527 reasonably determined, or if the cost of repairs exceed the value of the thing damaged, the measure of damages to the owner has been the cost of replacement new, less reasonable depreciation.
Although defendants do not question the correctness of these instructions, they contend the jury exceeded its authority in apparently awarding replacement cost less depreciation rather than market value. They contend replacement cost is not a legally permissible method of computing damages where the value of the thing destroyed can be determined.
We do not agree. In Coleman v. Victor, 326 So.2d 344 (La.1976) the court stated that no mechanical rule should be applied in assessment of property damage and that each case must rest on its own peculiar facts and circumstances. In our present case, plaintiffs' home was a large older home that was well kept and improved and were it not for the general decline in the neighborhood its market value would no doubt have been much greater. Furthermore, a strict adherence to the instructions given by the court would still allow the use of replacement cost less depreciation since the cost of repairs would clearly exceed the value of the thing damaged. At any rate, we find no error in the jury's conclusion that an award of damages higher than market value, but less than replacement value would be necessary to compensate plaintiffs for this loss.
Regarding the mental anguish award to Mrs. Mayer, the evidence is clear that she suffered a serious mental trauma as a result of this accident. In addition to the initial shock she experienced when the accident occurred, Mrs. Mayer also suffered severe attacks of hyperventilation for approximately nine months after the accident. The first of these attacks was so frightening to her and her family that she had to be hospitalized, fearing that she had suffered a heart attack. Although her condition gradually improved, these attacks, together with her general state of depression over the loss of her home, greatly restricted her normal activity and required frequent return trips to her physician.
Defendants rely primarily on Hymel v. Tom Alexander Brokerage Co., 348 So.2d 104 (La.App. 4th Cir. 1977) for their contention that the award to Mrs. Mayer was excessive. In that case the court affirmed an award of $5,000 to a 78-year-old woman who suffered a severe depressive psychosis resulting from an accident that totally destroyed her home.
In Reck v. Stevens, 373 So.2d 498 (La. 1979), the Supreme Court stated the following regarding the use of prior cases in determining the propriety of a particular damage award:
In the initial determination of excessiveness or insufficiency, an examination of prior awards has a limited functionif indeed the facts and circumstances of the prior awards are closely similar to the present. The prior awards may serve as an aid in this determination only where, on an articulated basis, the present award is shown to be greatly disproportionate to past awards (not selected past awards, but the mass of them) for (truly) "similar" injuries. (citations omitted)
Although the facts of the Hymel case are very similar to the present case, the nature of the mental injuries received are somewhat dissimilar. However, even if the similarity were exact, this case, standing alone, does not provide a sufficient basis for the reduction of the present award. There are few cases in our jurisprudence which have allowed mental anguish damages for injury to property; and while the present award is considerably higher than most, the dissimilarities in the bulk of the prior cases make it impossible for us to determine that the award for the particular injuries sustained by Mrs. Mayer is clearly excessive.
For the foregoing reasons, the judgment is affirmed.