CULPEPPER, Judge.
Plaintiff seeks damages for burns sustained when an explosion and fire occurred while he was dumping trash at a garbage disposal site allegedly operated by defendants. The trial judge pretermitted the issue of defendants’ negligence. He found that the plaintiff was guilty of contributory negligence which bars his recovery. Plaintiff appeals.
The issues presented on appeal are: (1) Was either the Village of Loreauville or the Iberia Parish Police Jury guilty of negligence which was a legal cause of plaintiff’s injuries? (2) Was Thomas Provost guilty of contributory negligence? (3) Was the operation of the dump in question a joint venture between the Iberia Parish Police Jury and the Village of Loreauville?
The dump where this accident occurred was maintained by the City of Loreauville and the Iberia Parish Police Jury. It is approximately 300 feet long, north and south, and 30-40 feet wide. Access is from the north by a road which runs along the east edge of the dump.
On February 28,1975, plaintiff visited his aunt in Loreauville, and he agreed to dispose of garbage she had accumulated over the past two weeks. They testified the "garbage, stored in paper grocery bags, was a soggy mess with nothing flammable, and that Provost transferred it to fresh paper bags, which he placed in the back of his pickup truck. Other witnesses testified the garbage included bottles and one gallon cans of unknown contents.
Plaintiff approached the dump from the north. Two other vehicles, dumping trash, were near the north end of the dump within about 15 feet of each other. Mr. Provost drove down the narrow road which traverses the full length of the dump, passed both vehicles, and backed his pickup to the pit area about 15-20 feet from the southernmost vehicle.
There were several smoldering fires in the north end of the dump. The 150 feet to the south had no fires. The testimony is in conflict as to just how close Mr. Provost was to the fire in question, when he began unloading the garbage, as well as whether or not he threw garbage directly on the fire. However, plaintiff admits he was standing in the back of his truck throwing garbage into the pit when the flames suddenly engulfed him.
There was no finding by the trial judge as to what it was that actually exploded into flames. The court did find the fire near Mr. Provost’s truck had been started *791 the night before by unknown persons and had burned down considerably by the time of the accident. The court also found that something combustible in the existing fire would have already ignited, and that it was more probable than not that something Mr. Provost threw on the fire caused the sudden explosion and flames which resulted in his injuries.
The trial judge did not decide the issue of the defendants’ negligence. He held that Mr. Provost, by throwing something combustible directly on a fire at the dump, was guilty of contributory negligence and therefore barred from recovery.
Plaintiff contends that the city and the parish were negligent in permitting burning at the dump without any systematic inspection of the nature of the waste material burned and that it was material left by someone else which exploded. Plaintiff also contends that the doctrine of res ipsa loquitur, as set out in Alexander v. St, Paul Fire & Marine Insurance Company, 312 So.2d 139, 143, (La.App. 1st Cir. 1975) is applicable.
Appellant correctly notes that our Supreme Court has abolished the categories of invitee, licensee and trespasser in determining the duty owed by owners and occupiers of premises under LSA-C.C. 2315 and 2316. Cates v. Beauregard Electric Cooperative, Inc., 328 So.2d 367 (La.1976). The test established in Cates is whether the possessor of land acted as a reasonable man in the management of his property in view of the probability of injury to others.
In Shelton v. Aetna Casualty & Surety Company, 334 So.2d 406, 410 (La.1976) our Supreme Court stated:
“The duty of a landowner is not to insure against the possibility of an accident on his premises, but rather to act reasonably in view of the probability of injury to others. Thus the landowner is not liable for an injury resulting from a condition which should have been observed by an individual in the exercise of reasonable care or which was as obvious to a visitor as to the landowner.”
We find that the defendants met the standard of reasonableness required of the owner or manager of a public dump. The supervisor of the dump admitted that he would sometimes light fires to reduce the amount of flammable material. He also stated that he always did so at night, and only at one end of the dump, so that the public could safely dispose of trash at the other end. Neither of these governmental agencies can be held negligent per se merely for permitting fires at the dump. This is a recognized method of garbage disposal. Badeaux v. Patterson Truck Line, Inc., 247 So.2d 875 (La.App. 3rd Cir. 1971).
Nor do we find it necessary that the defendants have a guard at the dump whose job it would be to sort through the trash brought in by the public to make sure it is free of combustibles. Any reasonable person using the dump should have seen the fires and should have realized the obvious danger of throwing explosive or combustible materials onto a fire. The supervisor of the dump testified that in the two years he had worked there, he had never seen an explosion like the one of February 28, 1975.
We also note that the plaintiff failed to prove it was something already at the dump which exploded rather than something the plaintiff himself threw on the fire. In fact, the trial court found that the latter situation was more probable than not. The doctrine of res ipsa loquitur is not applicable under the facts of this case. The conduct of the plaintiff was very much a factor to be considered as a cause of the injury.
Having decided defendants are free of negligence, we do not reach the equally meritorious defense that plaintiff was con-tributorily negligent.
For the reasons assigned, the judgment appealed is affirmed. All costs of this appeal are assessed against the plaintiff appellant.
AFFIRMED.