CUTRER, Judge.
This appeal arises from a suit seeking damages for personal injuries received as a result of a garbage dumpster accident.
The facts presented in this suit are:
At approximately 7:00 P.M., May 6, 1979, Johnny Ray Alexander (Plaintiff), his son, Johnny, Jr., and Thomas Conley drove to the Kincaid Lake dumping area which was maintained by the Rapides Parish Police Jury (Police Jury) to dispose of a sizeable amount of garbage which had accumulated around the Alexander home for a period of approximately one month.
The dump site consisted of a several-acre clearing, a large dumpster, and an earthen ramp which had been overlaid with concrete leading up to the top of the container. The container was 7 to 8 feet wide, 7 to 8 feet in height and approximately 25 feet long. The ramp was perpendicular to the dumpster (the ramp would form the leg of a “T” with the dumpster as the crossbar) and was *608 wide enough for two automobiles. It was elevated about one foot higher than the top of the dumpster. The Parish of Rapides maintained 24 such dump sites throughout the parish. As the dumpsters were filled, the contents would be transported to the parish landfill.
Johnny, Jr., backed the family pickup to the end of the ramp. He, plaintiff and Conley exited the truck. Johnny, Jr., walked from the passenger’s side to the driver’s side of the truck. He climbed into the bed to begin unloading the garbage. Plaintiff also climbed into the bed of the truck to supervise the unloading;. Conley stood beside the pick-up, observing. As Johnny, Jr., was pitching the bags of garbage into the dumpster, flames shot out of the top of the container singeing his hair, eyebrows and eye lashes. The sudden burst startled him and he fell in the bed of the truck. Plaintiff fell from the bed of the truck and rolled down the ramp, sustaining alleged injuries.
Plaintiff states that he heard a spewing noise, a “blast” and then saw a flare-up of flames which caused his fall. Several witnesses testified as seeing smoke coming from the container after plaintiff was lying on the ground; but, no one except plaintiff remembered hearing an explosion. Johnny, Jr., did not recall any explosion.
The plaintiff and Johnny, Jr., both testified that they did not see any flames or smoldering in the container before the flare-up of flames.
Plaintiff filed suit against the Police Jury seeking recovery for injuries suffered in the accident. After trial on the merits, the trial court rendered judgment in favor of the Police Jury dismissing plaintiff’s suit. Plaintiff appealed.
Upon appeal, plaintiff alleges two issues:
(1) Is the Police Jury liable for damages due to its negligence, LSA-C.C. art. 2315; and
(2) Did the trial court err in failing to find the Police Jury liable under LSA-C.C. art. 2317 for plaintiff’s injuries.
NEGLIGENCE: LSA-C.C. ARTICLE 2315
On appeal, plaintiff argues that the Police Jury was negligent in maintaining the garbage dumpster and, thus, is responsible for his injuries. We disagree. LSA-C.C. art. 2315 provides, in pertinent part:

“Every act whatever of man that causes damage to another obliges him by whose fault it happened to repair it. ...”

This court, in Williams v. Louisiana Machinery Co., Inc., 387 So.2d 8, 11 (La.App.3rd Cir. 1980), set out the basis for recovery under art. 2315:

“This article is the basis for tort liability in Louisiana. For a plaintiff to recover in Louisiana for damages, the damages must have been caused by the ‘fault’ of another. There must be a duty owed by the defendant, or by someone for whom the defendant is answerable, to the plaintiff; a breach of this duty; and this duty must be the cause-in-fact of the damages suffered by the plaintiff....

“‘Fault’ as used in Article 2315 encompasses more than negligence. It is the breach of a duty owed by one party to another under particular facts and circumstances of a given case.... ‘Fault’ is a broad concept embracing all conduct falling below a proper standard. ... ” (Citations omitted.)
We have reviewed our prior decision of Provost v. City of Loreauville, 352 So.2d 789 (La.App. 3rd Cir. 1977), writ den., 354 So.2d 1050 (La.1978), and find it applicable to the resolution of the issue before us. In that case, the City of Loreauville and the Iberia Parish Police Jury jointly operated a dump. At one end fires were used to reduce the amount of flammable material present, whereas the other end was available for the safe disposal of trash. The court concluded that the Police Jury and the City were not negligent in maintaining the dump.
The court in Provost, supra, found res ipsa loquitur to be inapplicable as the plaintiff could not determine whether something already at the dump exploded or if something he threw on the fire caused the explosion. The Provost court also found that the defendants were not negligent in failing to *609 have a guard present to sort through the garbage in search of combustibles. Also, there had been no reported explosions at the dump in the prior two years. The dismissal of plaintiff’s suit was affirmed.
In looking at the Provost decision and our case sub judice, we find the conclusion to be the same. At the time of the flare-up or “blast” no guard was on duty at the dump site. The evidence reflects that guards had been on duty previously but were discontinued for monetary reasons. The previous guards were there to keep people from putting dead animals or tree limbs into the container. They were not instructed to sort through the garbage of each person to ascertain whether the garbage contained a volatile substance.
Fire Marshall Charles Patton testified that he had searched his records for the past two years and found that, among the 24 dump sites in the parish, 19 fires had been reported and extinguished by the fire district. Some of these fires had been at the dump site in question. He further stated that he had not received any report of explosions during this time. He explained that a fire at a dump site or in a dumpster could be caused by spontaneous combustion.
The record does not indicate as to what may have caused the flare-up or “blast” in question. It is not shown as to whether it was caused by material deposited by plaintiff or whether it was placed there by someone else. Further, the evidence does not show that the Police Jury could have taken any reasonable steps to guard against such an incident. To hold that the Police Jury must have a guard on duty to sift through each item of garbage dumped would be completely unreasonable. We hold that the Police Jury has breached no duty to the plaintiff. We find the Police Jury free of negligence under art. 2315.
LIABILITY: LSA-C.C. ARTICLE 2317
Plaintiff also argues that the Police Jury is liable to him under a strict liability theory espoused by LSA-C.C. art. 2317:

“We are responsible, not only for the damage occasioned by our own act, but for that which is caused by the act of persons for whom we are answerable, or of things which we have in our custody.... ”

Generally, this article imposes liability on a custodian of a defective thing which creates an unreasonable risk of harm to others.
Plaintiff contends that the dumpster is defective in this case due to the fact that fires have previously occurred in the dumpster and, the possibility that an explosion may occur when someone may dispose of garbage therein, creates an unreasonable risk of harm. We disagree.
There is no contention nor any evidence that the container, in and of itself, was defective in design or construction. Plaintiff and Johnny, Jr., both testified that no fire or smoldering was present when they started dumping. There is no evidence as to what may have caused the incident, whether it was a material that came from plaintiff’s garbage or that of someone else.
To hold that the Police Jury is the custodian and is responsible for damages caused by each piece of material in garbage that may possess some volatile propensities could have the effect of stifling the important duty of garbage disposal as a necessary function of the Police Jury to protect the public health.
Also, regardless of the method of collection, garbage is very susceptible of generating heat and fire by spontaneous combustion. The record contains no evidence that this can reasonably be prevented by the public bodies which are charged with this duty.
“... In both negligence and strict liability cases, the probability and magnitude of the risk are to be balanced against the utility of the thing. ...”
Hunt v. City Stores, Inc., 387 So.2d 585, 588 (La.1980).
In the case at hand, the facts reflect that the probability of harm from explosions in a garbage disposal is remote. No explosion had been reported during the two years *610 that the dumpster had been in service. Thus, as we balance the risk (probability) of harm against the utility of the dumpster system and the function it serves, we conclude that the dumpster does not create an unreasonable risk of harm. Therefore, liability under art. 2317 does not attach. The trial court judgment will be affirmed.
For the foregoing reasons, the judgment of the trial court is affirmed. All costs of this appeal are assessed against plaintiff-appellant.
AFFIRMED.