KING, Judge.
This is a suit for damages brought by plaintiff, Dana Reyes, (hereinafter Reyes) against the State of Louisiana, Department of Transportation and Development, (hereinafter DOTD) for injuries received by her while riding as a guest passenger in a vehicle owned by Beverly Blood and being driven by Elter J. Smith, Jr. The accident occurred when Smith failed to negotiate a curve on Louisiana Highway 115 in Avo-yelles Parish, Louisiana and struck a roadside mailbox and ran into a ditch on the side of the road. As a result, Reyes was left paralyzed from the neck down.
After trial, the trial judge found that the negligence of the driver of the car was the sole and proximate cause of the accident and that the DOTD was not liable, on the basis of either negligence or strict liability, for the plaintiff’s injuries. Plaintiff appealed. We affirm.
FACTS
On October 14, 1979, the plaintiff, Dana Reyes, and Beverly Blood went in Miss Blood's automobile to the Hitching Post Lounge which is located in Bunkie, Louisiana. While at the Hitching Post Lounge, *539 Reyes and Miss Blood met Elter J. Smith, Jr. and Floyd Rasmussen. They played pool together for approximately an hour and Miss Blood testified that she saw Elter Smith drink approximately two beers during this period. Elter stated that he drank approximately four to six beers during his entire stay at the Hitching Post Lounge. They remained at the lounge until 12:00 A.M., when they all decided to take a ride in Miss Blood’s 1971 Buick Electra. Elter Smith was driving with Miss Blood’s permission. Miss Blood was in the right front seat, Reyes in the left rear seat and Floyd Rasmussen in the right rear seat. They rode around Bunkie for awhile before deciding to drive to Marksville, Louisiana to get gasoline for the car. Upon leaving Bunkie, they proceeded to Louisiana Highway 115 which‘passes through Hessmer, Louisiana and continues on to Marksville. Inside the city limits of Hessmer, Louisiana there is a series of curves in Louisiana Highway 115. As a motorist approaches Hessmer on Highway 115 there is an S-curve sign and a 35 mile per hour advisory speed sign about 700 to 800 feet south of the first curve which is known as the south curve. When the motorist emerges from the south curve there is a 427 foot straightaway which is marked with a 40 miles per hour regulatory speed limit sign. Thereafter, the motorist encounters another curve which is known as the north curve. The accident occurred at approximately 1:00 A.M. when the Buick Electra, traveling north, ran off the right hand side of the northern curve, struck a roadside mailbox, and plunged into a ditch adjacent to the roadway. Dana Reyes was thrown from the back seat of the car into the front part of the ear where she suffered severe injuries which have paralyzed her for life.
The driver, Elter Smith, was tested for intoxication at approximately 2:30 A.M. and at the time his blood alcohol level was measured at .143.[1] Mr. Smith was arrested for driving while intoxicated. Elter Smith testified that he was driving about 60 miles per hour at the time of the accident and that just before he entered the curve he leaned over to adjust the volume control of the radio and when he looked up he was already in the curve. He then applied the brakes and attempted to steer the vehicle to the left, but it went off the road, hit the mailbox, and stopped in the ditch.
All three passengers testified that Elter Smith had no trouble negotiating any of the curves along Highway 115 until the curve where the wreck occurred. They also stated that Elter Smith did not consume any alcoholic beverages after leaving the Hitching Post Lounge and that he did not appear to be intoxicated. Miss Blood testified that when she noticed the car was entering the curve she called out to Elter Smith to watch out but that it was too late. There was testimony that Elter Smith was asked to slow down the car’s speed on at least one occasion during the trip shortly before the accident.
Reyes filed suit against the DOTD seeking recovery for injuries suffered in the accident. Reyes alleged that the DOTD was liable for having an unlit, unposted, unguarded, and dangerous portion of a highway for which there was no warning sign or other traffic control devices. She also alleged that there was an excessive curvature in the road which does not meet today’s highway standards and that, therefore the road was defective.
After trial on the merits, the trial court rendered judgment in favor of the DOTD dismissing plaintiff’s suit. The trial judge found in his reasons for judgment that:
“[T]he plaintiff has failed to prove by a preponderance of the evidence (1) that the highway design of this ‘S-curve’ was defective, or (2) that the highway construction of this ‘S-eurve’ was faulty, or (3) that the highway regulations imposed in this ‘S-curve’ were unreasonable or inadequate or (4) that the highway inspection or highway maintenance of this ‘S-curve’ was inadequate, or (5) that the highway marking or highway signing in *540 this ‘S-curve’ was improper or inadequate. On the contrary, the highway area here involved posed no surprises. Considering that this was a built-up area within the city limits of Hessmer, there was an adequate early advance warning sign system, an effective positive route guidance system and a reasonably safe recovery area. The plaintiff has failed to prove by a preponderance of the evidence that the ‘S-curve’ here involved is in itself a dangerous instrumentality rendering the DOTD strictly liable without negligence.
“Under the circumstances, the 55 to 60 mph speed at which the vehicle was being driven at the time of the accident and the driver’s inattentiveness were the sole and proximate causes of this accident and the resulting injuries to plaintiff. The driver’s intoxicated condition may have been the underlying cause of his travelling between 55 and 60 mph. His intoxicated state may or may not have contributed to his failure to safely negotiate this curve.
“In any event, the DOTD has not been proven to be at fault in causing this accident or otherwise liable for the resulting injuries to plaintiff; therefore, the Court’s assessment of damages, which would be substantial, is unnecessary.” (Trial Transcript pages 170-171.)
Upon appeal, plaintiff alleges two errors:
(1) The trial court erred in failing to find DOTD liable, due to its negligence, under LSA-C.C. Art. 2315; and
(2) The trial court erred in failing to find DOTD liable, due to strict liability, under LSA-C.C. Art. 2317.
Whether we determine the responsibility of the DOTD according to either LSA-C.C. Art. 2317 or Art. 2315, the resulting conclusion would be the same. Our review of the record shows that it does not contain evidence that could be a basis for holding that the location or lack of location of warning signs, lights, or guardrails, or the construction of the northern curve was the cause in fact of the accident.
The general duties of the Department toward the traveling public are set forth in the case of Sinitiere v. Lavergne, 391 So.2d 821 (La.1980), where the Supreme Court held as follows:
“It has been repeatedly stated that the department is not a guarantor of the safety of travelers but, rather, owes a duty to keep the highways and its shoulders reasonably safe for non-negligent motorists. Liability based upon negligence is imposed when the Department is actually or constructively aware of a hazardous condition and fails to take corrective action within a reasonable time.” Sinitiere v. Lavergne, 391 So.2d 821, at pages 824-825 (La.1980).
NEGLIGENCE-LSA-C.C. ARTICLE 2315
On appeal, Reyes alleges' that the DOTD was negligent in its maintenance of Louisiana Highway 115 at the place of the accident, and thus is responsible for her injuries. We disagree. LSA-C.C. Art. 2315 provides, in pertinent part that:
“Every act whatever of man that causes damage to another obliges him by whose fault it happened to repair it.”
The Third Circuit, in Alexander v. Rapides Parish Police Jury, 415 So.2d 607 (La.App. 3rd Cir.1982), stated:
“This court, in Williams v. Louisiana Machinery Co., Inc., 387 So.2d 8, 11 (La.App. 3rd Cir.1980), set out the basis for recovery under art. 2315:
“ ‘This article is the basis for tort liability in Louisiana. For a plaintiff to recover in Louisiana for damages, the damages must have been caused by the ‘fault’ of another. There must be a duty owed by the defendant, or by someone for whom the defendant is answerable, to the plaintiff; a breach of this duty; and this duty must be the cause-in-fact of the damages suffered by the plaintiff....
“ ‘Fault’ as used in Article 2315 encompasses more than negligence. It is the breach of a duty owed by one party to another under particular facts and circumstances of a given case....
*541 ‘Fault’ is a broad concept embracing all conduct falling below a proper standard_ (Citations omitted.)’ ” Alexander v. Rapides Parish Police Jury, 415 So.2d 607, 608, (La.App. 3rd Cir.1982).
All rules of conduct are designed to protect some persons under some circumstances against some risks. Seldom does a rule of conduct protect every victim against every risk that may befall him merely because it can be shown that the violation of the rule played some part in producing the injury. The task of defining the proper reach or thrust of a rule in its policy aspects is one that must be undertaken by the court in each case as it arises. Hill v. Lundin & Associates, Inc., 260 La. 542, 256 So.2d 620 (1972) [quoting Malone, Ruminations on Cause-In-Fact, 9 Stanford L.Rev. 60, 73 (1956)].
Negligence is only actionable where it is both a cause in fact of the injury and a legal cause of the injury. Legal cause requires a proximate relation between the actions of a defendant and the harm which occurs and such relation must be substantial in character. Dixie Drive It Yourself Sys. v. American Beverage Co., 242 La. 471, 137 So.2d 298 (1962).
Reyes alleges that the accident was caused by a defective curve, lack of lights and guardrails and by improper roadway markings. The evidence does not support these allegations. The trial court found that Elter Smith’s driving was the “sole and proximate cause of the accident.” The trial judge based his findings on the testimony of the various witnesses, as well as on the testimony of the experts in the areas of accident reconstruction and highway design. Our jurisprudence mandates that an appellate court should not alter a trial court’s finding of fact in the absence of manifest or clear error. Arceneaux v. Domingue, 365 So.2d 1330 (La.1978); Canter v. Koehring Co., 283 So.2d 716 (La.1973). In this case the record supports the trial court’s conclusions that the State was free of any negligence in the design, construction, lighting and signing of the highway which proximately caused the accident. The record clearly supports the trial court’s finding that the accident would not have occurred except for the substandard driving of Elter Smith. He was exceeding the posted speed limit by approximately 20 miles per hour, he had been drinking and was under the influence of alcohol, and he was distracted from seeing where he was driving by his efforts to adjust the car radio at the time of the accident. We have carefully reviewed the evidence presented in the record of this case, and we are unable to conclude that the trial judge’s findings of fact were manifestly erroneous. For these reasons we find that it was not the condition of the roadway nor the roadway signing that caused this accident, but the negligence of Elter Smith.
NEGLIGENCE — LSA-C.C.
ARTICLE 2317
Reyes also argues that the DOTD is liable to her under a strict liability theory under the provision of LSA-C.C. Art. 2317 which states that:
“We are responsible, not only for the damage occasioned by our own act, but for that which is caused by the act of persons for whom we are answerable, or of things which we have in our custody....”
Reyes contends that an excessive curvature and improper banking of the curve and the lack of lighting and guardrails where the accident occurred, does not meet today’s highway design and construction standards and that the highway was therefore defective. Reyes contends these highway defects or these defects and the concurrent negligence of the driver caused the accident.
The plaintiff may recover on the basis of strict liability under LSA-C.C. Art. 2317 by showing (1) that the thing was in the care or custody of the defendant, (2) that it had a vice or defect, that is some condition which occasioned an unreasonable risk of injury, and (3) that the injury was caused by the defect. Jones v. City of *542 Baton Rouge, Etc., 388 So.2d 737 (La.1980).
As we have already concluded that the sole legal cause of the accident was the sole negligence of the driver, we need not consider whether the condition of the highway and highway signing amounted to a defect and whether or not such defect caused Reyes’ injuries. For this reason an application of LSA-C.C. Art. 2317 would produce the same result as we have reached under the application of LSA-C.C. Art. 2315.
For the above reasons, the judgment of the trial court is affirmed and plaintiffs suit against defendants is dismissed. All costs are to be paid by plaintiff-appellant.
AFFIRMED.

. Dr. James Freeman, plaintiffs expert in pathology, testified that at the time of the accident Elter Smith’s alcohol level would have been approximately .159.