417 So.2d 97 (1982)
SIGUE TRUCKING, INC., Plaintiff-Appellant,
v.
INSURED LLOYDS, Defendant-Appellee.
No. 82-84.
Court of Appeal of Louisiana, Third Circuit.
July 2, 1982.
*98 Haik, Broussard & Haik, Edwin S. Patout and Richard T. Haik, New Iberia, for plaintiff-appellant.
Roy, Forrest & Lopresto, Alex A. Lopresto, III, New Iberia, for defendant-appellee.
Before FORET, STOKER and DOUCET, JJ.
DOUCET, Judge.
Plaintiff filed suit against its collision insurer to recover an amount in excess of the sum tendered by the defendant. Following trial on the matter judgment was rendered in favor of plaintiff. From that judgment plaintiff has appealed seeking an increase in quantum, and defendant has answered the appeal seeking a reduction of same and reversal of the trial court's award of penalty and attorney's fees. We amend and affirm.
On November 2, 1977, a 1973 Mack tractor belonging to plaintiff, Sigue Trucking, Inc., and insured against damage by defendant, Insured Lloyds, was damaged when a portion of the trailer gave way while the driver was negotiating a turn, causing the load to shift and the tractor to be turned over on its side. The provider of the collision insurance was thereafter duly notified of the accident, whereupon the insurer hired the adjusting firm of Crawford and Company to prepare repair estimates. Crawford and Company assigned Mr. Ed Fontenot, who thereafter qualified as an expert in large truck repair, to prepare the estimate, which he did six days after the accident. His estimate of repair, involving repair and realignment of the damaged cab, in addition to the other work not in dispute, totalled $4,568.71. In arriving at this sum Mr. Fontenot took into consideration the fact that the cab was badly rusted prior to the accident. The estimate was conveyed to Mr. Donald Sigue, president of plaintiff corporation, who was also advised that Roper GMC and White Truck Sales had agreed to make the repairs for the price quoted. Mr. Sigue expressed dissatisfaction with the estimate and arrangements were made for additional inspection.
*99 On December 18, 1978, the vehicle was again inspected by Mr. Fontenot who was accompanied by Mr. Marshall Thibodeaux, service manager for Roper GMC Truck Sales. Although Mr. Thibodeaux agreed that the work could probably be done as indicated in the original appraisal, they could not warrant same because of the pre-existing rusting condition which had caused structural damage to the roof support. To be able to warrant the work, Mr. Thibodeaux stated it would be necessary to replace the cab. A replacement cab would, in his opinion, increase the cost of repair. Mr. Fontenot failed to relate this information to his principal, Insured Lloyds.
On January 10, 1979, Insured Lloyds unconditionally tendered $4,318.71, representing the amount of the Roper estimate less a $250.00 deductible, to Sigue Trucking, nonetheless it was rejected.
Plaintiff thereafter, on March 15, 1979, contacted Lafayette Highway Equipment Company, the local Mack truck dealer, whose service manager, Mr. John Cross, estimated the cost of repair, using a new cab, at $9,444.75. This information was conveyed to the adjuster, Mr. Fontenot.
On June 6, 1979, plaintiff filed suit for money judgment in the sum of $20,000 against its collision insurer. Additionally penalties and attorney's fees were sought pursuant to LSA-R.S. 22:658. Thereafter defendant Insured Lloyds filed a motion and order to deposit funds into the registry of the court admitting that plaintiff had suffered property damage but only to the extent of $4,318.00. The only element of damages seriously in dispute is the cost of repairing the cab. In determining the damages suffered, the trial judge noted that there was no evidence directly relative to the cost of restoration (as opposed to replacement) of the cab inasmuch as Mr. Thibodeaux testified that he could not warrant the repairs due to the pre-existing rust condition. The trial judge considered utilization of another testcost of replacement, less depreciation, if the value before and after the damage cannot be reasonably determined or if the cost of repair is more than the valueto be inapplicable as there was no evidence in this regard. Accordingly the trial judge determined damages according to value differential: difference in value prior to and subsequent to damage. In doing so, he based the cost of a new cab at $4,900, which is supported by the estimates, and reduced that figure by 80% to account for the depreciated value of plaintiff's cab prior to the accident, thereby reaching a total repair cost of $5,524.75. Reducing this figure by the $250.00 deductible renders a $956.04 differential between the amount tendered by the insurer ($4,318.71) and the sum found due by the court ($5,524.75).
With regard to plaintiff's claim for penalties and attorney's fees pertaining to the dispute as to the extent of damage, the trial judge reasoned that the preponderance of information possessed by the insurer indicated the cab would have to be replaced; therefore, their valuation of the loss at or lower sum than awarded constituted arbitrary, capricious conduct.
Therefore judgment was rendered in favor of plaintiff and against defendant in the sum of $5,274.75, subject to a credit of $4,318.71 together with legal interest on the sum of $956.04 from date of judicial demand until paid, all costs $274.75[1] as penalties and $1,500.00 as attorney's fees. From that judgment plaintiff has appealed. Defendant has answered the appeal.
Two issues are presented for our review: first, the proper measure of property damage in this case; and secondly, whether the award of penalties and attorney's fees was proper.
Plaintiff contends that the trial judge erred in depreciating the value of the replacement cab. Defendant contends that the trial judge erred in awarding its insured the value of the replacement cab, less depreciation, because the only problem with the original repair estimate was the fact *100 that the work could not be warranted due to the rusted condition that existed prior to the accident, thus the cost of restoration is the proper test for determination of damages. In support of their respective positions each party places reliance upon Roshong v. Travelers Insurance Company, 281 So.2d 785 (La.App. 3rd Cir. 1973), wherein it was stated:
"In awarding property damages to a party who has been injured through the legal fault of another, the primary objective is to restore the injured party in as near a fashion as possible to the state in existence at the time immediately preceding the injury. Several tests have been formulated in order to realize this goal. In Granger v. Bouillion, 220 So.2d 764 (La.App. 1 Cir. 1969), and in Davis v. Roberts, 194 So.2d 772 (La.App. 1 Cir. 1967), it was recognized that three tests have been utilized in determining damages. The first is the cost of restoration, if the damaged object cannot be adequately repaired. The second is the difference in value of the damaged property preceding and subsequent to the injury. The third is if the value before and after damage cannot be fairly determined or if the cost of repairs exceeds the value of the thing damaged, damages should equal the replacement cost less depreciation.
In order to maintain the flexibility necessary to promote substantial justice to the parties in each instance, the test for damages selected, if one is appropos [sic] at all, is the one best fitted to the particular facts of each case."
Applying the aforementioned principles to the facts of the Roshong case, which are not unlike those in the case at bar, the court concluded:
"The first test is inapplicable, since the damaged object can be adequately repaired. If the third test was applied, damages would be excessive, since Roshong would then have $26,000 (a sufficient amount to construct a house of similar nature), and would still own the damaged structure. It was shown that the structure is currently neither valueless nor uninhabitable. Application of the third test would thus put Roshong not in a position similar to that in which he was situated prior to the blasts, but in a far superior one."
No mechanical rule can be applied with exactitude in assessment of property damage; each case must rest on its own facts and circumstances as supported by proof in the record. Coleman v. Victor, 326 So.2d 344 (La.1976). We are satisfied from the record that the award granted is best fitted to the particular facts of the case and promotes substantial justice. Roshong v. Travelers Insurance Company, supra. Furthermore, we believe the result reached is consistent with the intention of the parties as reflected in their contract. The cost of restoration test is not per se apropos as the evidence indicates the damaged truck could be adequately repaired. The third abovementioned test is not applicable as the cost of repair does not exceed the damaged item's value and the value before and after damage can (and was) reasonably determined. Application of the third test would result in Sigue being placed in a superior position. The decision of dhe trial court achieves substantial justice; Sigue was not entitled to a new cab without an offset for depreciation of the damaged item, nor was it required to accept a questionably repaired cab in a rusted condition.
LSA-R.S. 22:658 provides in pertinent part for a penalty of 25% "of the difference between the amount paid or tendered and the amount found to be due and all reasonable attorney's fees for the prosecution and collection of such amount." Under the circumstances presented, and consistent with the strict construction applied to penal statutes, we cannot say that the insurer's method of estimation made their actions arbitrary, capricious or without probable cause. A bona fide dispute existed as to whether the cab could be repaired or whether replacement was necessitated. Accordingly, we amend the judgment to delete the award of penalties and attorney's fees.
*101 For the reasons set forth above the judgment appealed is amended to vacate the award of attorney's fees and penalties. In all other respects the judgment is affirmed.
AFFIRMED AS AMENDED.
NOTES
[1] On our own motion we observe that this sum exceeds the statutory maximum of 25% of the difference ($956.04) between the amount tendered and the amount found to be due.