**BELLSOUTH TELECOMMUNICATIONS, INC., Plaintiff.**

v.

**CITIZENS UTILITIES COMPANY d/b/a Louisiana Gas Service Company, Defendant.**

**Civil Action No. 95–2207.**

United States District Court, E.D. Louisiana.

Nov. 18, 1996.

---

Wayne Thomas McGaw, Leslie Barbee Ponder, IV, BellSouth Communications, Inc., New Orleans, for Plaintiff.

Godfrey Bruce Parkerson, Joann Marie Rudd, Phelps, Dunbar, L.L.P., New Orleans, for Defendant.

FALLON, District Judge.

Before the Court is the plaintiff's motion for summary judgment on the issue of quantum.

The instant matter arises out of actions taken on July 7, 1995 by the defendant, Louisiana Gas Service Co. (LGS), when it was performing excavation work at the intersection of West Napoleon Avenue and Transcontinental Drive in Metairie, Louisiana.[1] Defendant LGS had commenced digging in this area in order to make repairs to their underground gas lines located there. While working, LGS came upon a Bellsouth telephone cable which blocked their passage to the gas line they planned to repair. Subsequently, LGS cut the plaintiff's cable causing property damage for which this Court found the defendant liable.

In the present motion for summary judgment, the plaintiff seeks to have this Court determine the amount of property

---

1. The background to this action is detailed in this Court's Order and Reason's docketed April 2, 1996 which granted the plaintiff's motion for summary judgment on liability and will not be retread in full here.

damage arising from the defendant's actions. The thrust of the plaintiff's argument is that the amount is certain because the Court need only assess the replacement cost of putting in new cables while ignoring any depreciation of the cut cables. The defendant counters that a depreciation credit should be allowed (or at least should be considered as evidence at trial) considering that the replacement cables are substantially newer and presumably of a better quality than the ones destroyed in July 1995. The defendant is correct.

■ The case law cited by both parties teach that there is no mechanical rule which can be applied when assessing an exact amount of property damage. *See Sigue Trucking, Inc. v. Insured Lloyds*, 417 So.2d 97, 100 (La.Ct.App.1982). Every award for property damage must be crafted according to the facts surrounding each case with the legal objective of placing the owner of the damaged property, as nearly as practical, in the position he was in was prior to the tortious conduct. *See Roman Catholic Church of the Archdiocese of New Orleans v. Louisiana Gas Service Co.*, 618 So.2d 874, 876 (La.1993); *Petrol Industries, Inc. v. Gearhart–Owen Industries, Inc.*, 424 So.2d 1059, 1062 (La.Ct.App.1982).

■ Depreciation of the damaged property is a proper element of consideration where the facts of the case at hand make it applicable. In those cases cited by the plaintiff in support of its motion, depreciation was not a proper element for consideration. For example, in *Louisiana Power and Light Co. v. Smith* [2] a depreciation credit for a destroyed utility pole was not allowed because utility poles have no discernible life expectancy and it was therefore impossible to determine any depreciation value with any certainty. Similarly, in *Roman Catholic Church*, *supra.*, the plaintiff was forced to replace only a section of an old housing unit and there was no assurance that the replacement of only a segment of the whole would add anything of value to the entire unit. *Roman*

*Catholic Church*, 618 So.2d at 880. However, where a failure to allow depreciation to be considered as an element of damages would place the plaintiff in a better position than before the accident, it is relevant and should be weighed as a factor. *See Petrol Industries, Inc.*, 424 So.2d at 1062.

In the instant matter, the defendant cut telephone cables owned by the plaintiff which, at the time of the accident, had been in service since 1963 and 1965. The cables had a useful life expectancy of between 4.3 to 5.0 years before they would have had to be replaced or left for dead. After the incident, the plaintiff replaced the cables with new equipment with a significantly longer life span, a greater capacity, and presumably a higher quality. *See* Plaintiff's Exhibit C, page 7. If depreciation is not considered, then the plaintiff would be in a better position after the accident than before. Therefore, the particular facts of this case demand that depreciation be considered by the jury.[3]

■ Additionally, the Court finds that genuine issues of material fact do exist as to other aspects of the plaintiff's damages, namely the material used and labor cost, which also preclude the plaintiff's motion for summary judgment on damages. Therefore,

For the foregoing reasons, the plaintiff's motion for summary judgment on the issue of quantum is DENIED.

---

**2.** 343 So.2d 367 (La.Ct.App.1977).

**3.** *See also Pizani v. M/V Cotton Blossom*, 737 F.2d 1334, 1336–7 (5th Cir.1984) and *South Central Bell Telephone Co. v. Merritt Dredging Co.*, 726 F.Supp. 1061, 1073 (S.D.Miss.1989). Both of these cases involve federal admiralty law and allow for a plaintiff's recovery to be reduced by the property's depreciation in value prior to its being damaged.